(173 App. Div. 550)

### BENEDICT v. MYERS et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. EASEMENTS ☞61(9)—CLAIM—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain a referee's finding that the fee to a driveway between plaintiff's and defendants' lots was partly owned by each, and that each had an easement to the entire driveway.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 143; Dec. Dig. ☞61(9).]

2. EASEMENTS ☞12(2)—CONVEYANCE—CONSTRUCTION.

Where a deed conveying one of two adjoining lots did not clearly include a driveway between them, the grantee, who knew such driveway existed, is precluded from claiming any greater rights therein than her grantor, who testified to advising her of the defendants' right to use it.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 35–38; Dec. Dig. ☞12(2).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Judgment on Report of Referee.

Action by Adella F. Benedict against Lizzie Myers and another. Judgment for defendants and plaintiff appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Thomas & Burke, of Hamilton (Edgar T. Brackett and Sheridan P. Wait, both of Saratoga Springs, of counsel), for appellant.

Carlos J. Coleman, of Hamilton, for respondents.

WOODWARD, J. [1] The plaintiff brought this action to restrain the defendants from trespassing upon premises which she claimed to own free from easements, and for money damages. It appears from the pleadings and the evidence that the plaintiff and defendants are neighbors owning adjoining lots; that for many years—probably half a century—there has been a driveway between these properties, which has been used in common by the owners of the two properties, as well as by persons generally who had occasion to get in the rear of certain buildings in the village of Hamilton. No one holding title to either of the properties appears to have raised any question as to this right to make this common use of the driveway until the plaintiff, who recently purchased the premises now occupied by her, undertook to construct an obstruction in such driveway, which was torn down by the defendants, who asserted a right to such use as had long prevailed. This action grew out of these acts on the part of the parties, and has been tried before a referee, who finds that the driveway is owned by the owners on either side of the same, and restrains the plaintiff from interfering with the defendants in their use of the same.

The evidence as to the location of the line between the properties of the plaintiff and defendants is conflicting, but we are satisfied, from an examination of the record, that the learned referee had sufficient evidence before him to justify the conclusion that the defendants own the fee of at least some portion of the driveway as used, and the history of such user justifies the conclusion that both properties have an easement in the driveway, which neither is privileged to deny. The deeds under which both parties hold their premises are ambiguous and uncertain in their terms, there is no evidence to indicate that any material damage can result from a continued user of the driveway in common by the adjoining owners, and we are of the opinion that the judgment in this case closely approximates justice.

[2] It gives the plaintiff an equal right to the use of that portion of the driveway which apparently belongs to the defendants, and it seems clear that the plaintiff, in purchasing the property, knowing the existence of this driveway, and accepting a deed which did not clearly include such driveway within the boundaries of her purchase, is not in a position to assert any higher rights than those of her predecessor in title, who testifies that he told the plaintiff of the joint rights of the defendants in the driveway at the time of the plaintiff's purchase.

The judgment appealed from should be affirmed, with costs. All concur.