JAMES P. DE FORREST et al., Plaintiffs, *v.* ANDREW J. BUNNIE, Defendant.

Supreme Court, Equity Trial Term, Herkimer County, August 13, 1951.

*Albert L. Lawrence* for plaintiffs.

*Andrew J. Moore* for defendant.

SEARL, J. The present discussion relates to what may be considered " hostility " as a necessary factor in obtaining a prescriptive right to use a neighbor's premises.

Plaintiffs, husband and wife, on April 1, 1946, acquired title to a one-family house on a lot forty feet in width on the westerly

side of Renwick Avenue, in the village of Herkimer, New York. Their predecessors in title, James W. Cogovan and wife, acquired title to these premises on April 1, 1920.

A similar adjoining lot to the north, on which also stood a one-family house, was purchased by defendant. His deed was dated June 2, 1917, and recorded April 23, 1921.

To the rear of the Cogovan property is a one-car garage located at the northwest corner of the lot. To the rear of defendant's property is a three-car garage. In 1921 defendant suggested to Cogovan that the latter move his garage from the southwest corner of his lot to the northwest corner; that they make and use a common driveway from the street and provide a space at the rear of both dwellings sufficiently wide to turn their cars conveniently. Cogovan's dwelling was within three feet of his north line. Two or three feet of the Cogovan property, and some seven to eight feet of defendant's land, along the south side, was adopted as a common driveway to the rear. Each paid one half the cost of cutting down the curb and laying a concrete apron, some ten feet wide, at the curb. The south edge of this cut and apron was opposite a point two-three feet south of an extension of Cogovan's north line and the north edge, some seven feet north of the common line. Cogovan also altered his property so that coal or fuel could be delivered to the northerly side of his house by use of this driveway.

From 1921 until plaintiffs took title from Cogovan, in 1946, this common and well-defined driveway was used by Cogovan or his tenants and by defendant. After plaintiffs took title the evidence discloses both plaintiffs and defendant continued to use the driveway. Both neighbors were on good terms. In fact, plaintiff, James P. DeForrest, worked for defendant, the latter being in the trucking business. Around 1949, DeForrest ceased working for defendant. Then the situation changed. Defendant constructed a wooden fence through the common driveway, on his own side of the line; plaintiff took it down to permit entrance to the rear of his property. Then defendant erected a cement curbing, or wall, within a few inches of the line from the sidewalk westerly to the rear of plaintiffs' dwelling.

Immediately this action started in which plaintiffs ask injunctive relief restoring the use of the driveway claimed to have been established by prescription, asking that defendant be directed to remove the concrete obstruction.

In addition to a general denial the answer alleges that any use of defendant's property was with permission and under an

agreement made with the original owner, Cogovan, to effect that if the latter ever sold, the permissive use was to terminate. On the trial of the action, Cogovan strenuously denied such an agreement, stating that he and defendant jointly contributed a share of the land; that both maintained and equally shared the expense of laying the concrete apron. The court accepts the version as related by Cogovan. It is not reasonable that Cogovan would move his garage from the south side of his lot to the north side, with an understanding that entrance to, and use of, the garage would be cut off in event he sold his property. The narrow space between the Cogovan south line, where an embankment falls off sharply to the adjoining property, and Cogovan's house, was just sufficient at that time to allow clearance of the average pleasure car. However, plaintiff now owns a Ford truck eight feet in width. He cannot construct a driveway on the south side of sufficient width on his own land to permit clearance. He is confronted with a present necessity.

In arriving at the conclusion the court has reached, neither the question of claim of right, exclusiveness, continuity, or uninterrupted use, knowledge or acquiescence by the owners, requires any discussion — those requisites necessary to acquire a prescriptive right. The only remaining requisite is that pertaining to hostility or adverse use.

Reciprocal use of a strip along a common boundary line, comprised of land on both sides, pursuant to an oral or implied agreement, and use as a drive, or passageway, for a period of fifteen years may ripen into an easement. Each owner, by the use of his adjoining neighbor's portion of the way, asserts an adverse right in the portion of the way lying on the other's land. (*Nicholls* v. *Wentworth*, 100 N. Y. 455, 461; *Townsend* v. *Bissell*, 4 Hun 297; *Johnson* v. *Whelan*, 171 Okla. 243, Note, 98 A. L. R. 1098.)

It is true that the mere permissive use over the land of another will never ripen into an easement, still, one who joins his neighbor in the construction and use of an improved and recognized way along both sides of the common boundary line has given his neighbor more than a mere license.

By this reciprocal use the adverse or hostile requirement is inferred. Such a conclusion may appear inconsistent when each is on good terms with his fellow neighbor. It reasonably might well appear incongruous that one neighbor greet the other with a cheery " Good morning " and still have hostility exist. However, hostility as an element of adverse possession

necessary to create an easement or prescriptive right does not thereby import enmity nor ill will. *(Pacific Power & Light Co.* v. *Bailey,* 160 Wash. 663.)

The words " hostile " and " adverse " are in law synonymous. *(Weller* v. *Wagner,* 181 Mo. 151.) The best definition of " adverse ", as pertains to the instant action, is found in the opinion of Judge EARL, in *Ward* v. *Warren* (82 N. Y. 265, 269), namely, " ' under a claim of right, with the implied acquiescence of the owner.' " The prescriptive right here urged by plaintiff, an incorporeal hereditament, is properly one based on prescription rather than on adverse possession. Judge VANN, writing in *Scallon* v. *Manhattan Ry. Co.* (185 N. Y. 359, 363) points out the distinction, namely that adverse possession rests on hostile possession under claim of title to the exclusion of the true owner, while prescription rests upon the presumption of a grant of incorporeal rights ripening into title after a lapse of years.

As " The character of the possession depends on the intention with which entry is made and occupation continued ", *(Hinkley* v. *State of New York,* 234 N. Y. 309, 317) the court must conclude that every time the defendant used this driveway and each time that Cogovan or his successors in title drove in or out, using reciprocally the land of the other neighbor, such use was hostile as to the other. Each use was by law an invasion of the right of the other. " The reasonable inference is, that such use was under a claim of right, and adverse." *(Townsend* v. *Bissell,* 4 Hun 297, 301, *supra.)*

Possession, to be adverse, need not be under color of title, but must be with claim of right. *(Fear* v. *Barwise,* 93 Kan. 131.)

If the permissive use is occasional only, or for broken periods, no right of way is established. *(First Baptist Church & Soc., Norwich* v. *Letson,* 144 Misc. 286.)

Again, Thompson on Real Property (Perm. ed., § 466) confirms the position taken by the court in the instant case to the effect that an easement may be acquired in a driveway along the division line between two lots which is used for the benefit of the two lot owners by mutual agreement and acquiescence, citing *Molene* v. *Tansey* (203 Iowa 992).

A right of way acquired by prescription, carries with it a right to remove all obstructions to its enjoyment. *(McMillan* v. *Cronin,* 75 N. Y. 474.)

In the instant action, the plaintiffs, having shown the uninterrupted use of the way for the statutory period necessary to create the presumption of a grant by virtue of which each

acquired an easement over the land of the other, the burden shifted to the defendant to show that the use was conditional. (*Nicholls* v. *Wentworth,* 100 N. Y. 455, *supra.*) The defendant has not here so satisfied the court.

Nor does the fact that each owner contributed an unequal portion of the common way defeat the rights of the minor contributor. Here defendant claims he loaned seven to eight feet toward the driveway and Cogovan but two to three feet. In *Benedict* v. *Myers* (173 App. Div. 550) there arose a dispute as to the exact location of a line running through a common driveway. The court held (p. 551) it was sufficient if each owned the fee of "*at least some portion*" of the common driveway. (Italics inserted.) Moreover, there may have been some equity in defendant contributing the major portion of the land so used as defendant had a three-car garage at rear of his property as against only a single-car garage at the rear of the Cogovan property.

Relative to the second defense urged by defendant, namely that the Statute of Limitations has run against plaintiffs for the reason action was not brought within one year after entry (Civ. Prac. Act, § 36), the court must rule against defendant. The evidence discloses that defendant built a wooden fence in the common driveway on his side of the line in 1949, that plaintiffs entered and removed this fence, that thereafter defendant built the cement curb, or wall, following which plaintiffs timely started the instant action in March of 1950.

For the reasons above stated, equity requires that an injunction issue directing defendant to remove so much of the wall as he has constructed over the course of the driveway and common right of way, that defendant be restrained from depriving plaintiffs and their successors in title of the use of the common driveway as may be properly defined in the decree hereafter to be made. By the same token plaintiffs and their successors in title are restrained from interfering with the use of this common way by defendant and his successors in title. Prepare findings, judgment, and decree accordingly.