JAMES P. DE FORREST et al., Respondents, v. ANDREW J. BUNNIE, Appellant. — Judgment and order affirmed, with costs. All concur. (Appeal from an order for plaintiffs in an injunction action. The judgment is for costs.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [201 Misc. 7.]

■

In the Matter of the Estate of OREN C. NUTTER, Deceased. ARKPORT STATE BANK, Appellant; JENNIE L. NUTTER, as Executrix of OREN C. NUTTER, Deceased, Respondent.— Order insofar as it dismisses the petition affirmed; order insofar as it directs trial of the claim in Surrogate's Court reversed on the law, without costs of this appeal to either party. Memorandum: Although the claim in question has not been rejected by the executrix, it does appear from the affidavit of the executrix that she claims a partial offset to the claim. Under such circumstances the dismissal of the application under section 217 of the Surrogate's Court Act was a proper exercise of the Surrogate's discretion. Until the claim is rejected there is no issue as to its validity requiring a trial in Surrogate's Court. That part of the order directing such a trial should, therefore, be reversed. When plaintiff brought the action in Supreme Court to recover on its claim (*Arkport State Bank* v. *Nutter,* 278 App. Div. 538), the complaint in that action alleged that the claim had been filed with the executrix and had been rejected; the action was tried upon that theory. Accordingly, we held that proof of a valid rejection was essential. When an action is commenced upon the theory that the claim has been rejected the time of rejection becomes the starting point for the limitation of time provided for in section 211 of the Surrogate's Court Act. The statement in the opinion to the effect that in the absence of proof of rejection the court was without jurisdiction applies only to the facts of that case in view of the allegations of the complaint and the theory upon which the case was tried. It should not be inferred from what was said that the Supreme Court lacks jurisdiction to entertain an action upon an unrejected claim. It also appeared that there was confusion as to what written instrument the claimant based its claim upon, and that the parties had appeared in Surrogate's Court and stipulated that an amended claim be filed. We held that plaintiff was bound to carry out its stipulation before the Surrogate, and that it had not proven the cause of action alleged in its complaint. All concur. (Appeal from an order dismissing a petition to compel payment of a claim against an estate and directing trial of the amended claim.) Present — Taylor, P. J., McCurn, Kimball and Piper, JJ.