HAZEL W. HILDRETH, Appellant, *v.* WESLEY GOODELL et al., Respondents.

Third Department, July 7, 1955.

*Joe Schapiro* for appellant.

*Demong & Stickles* for respondents.

Foster, P. J. Plaintiff and defendants are the owners of adjoining properties located on the Chittenango–Lakeport road in Madison County, New York. Plaintiff's property consists of a general store, and an apartment therein which the plaintiff occupies. The defendants' premises are residential in character.

Plaintiff claims a right by prescription for use as a driveway of a strip of land between the two properties and partially on both. Plaintiff has space for a driveway in her own right extending southerly from the rear of her building about eleven and three-tenths feet and fourteen and six-tenths feet at the front. This has been diminished about three feet in front because of stones and shrubbery which her husband placed against a part of the south wall of the store. At that time he was a part owner of the premises. Beyond her own property and for a distance of about nine feet on the defendants' property there is an extension of an apparent driveway covered by gravel and crushed stone. Plaintiff claims a right by prescription to the use of this entire area, that is, the portion of the driveway on her premises and nine feet beyond on the property of the defendants. There is no dispute about the fact that over a period of many years plaintiff and her predecessors in title used the area in question as a driveway for the delivery of goods to the rear of the store. The Referee, however, found that the testimony

relative to the use of any part of the defendant's property was vague and uncertain, and that the most favorable deduction to the plaintiff was that vehicles using the driveway gradually encroached across the property line of the defendants a distance of about two feet. He also found that this encroachment was neither adverse nor under a claim of right, and whatever use was made of that portion of the driveway on the defendants' land was not inconsistent with the defendants' use of the same. Generally he found that any use of the defendants' property was permissive and not adverse in character, and on the basis of these conclusions he dismissed the complaint.

We are constrained to disagree with the learned Referee. In our judgment the proof would sustain a finding that from eighteen to twenty feet of the strip in question was freely used by plaintiff and her husband, without let or hindrance, at least since 1927, when the defendant Wesley Goodell acquired the premises now owned by both defendants. Such use was open and notorious, and obviously with the knowledge of the defendants. The case hinges therefore on the narrow issue of whether such user was also adverse in character.

We think that under the conceded facts it must be held to have been hostile to the defendants. Everyone agrees that nothing whatever was said about such user by any of the parties involved until a dispute arose in 1952. And there is no proof from which it can be fairly inferred that such user in its inception was permissive in character. Thus the situation fits the pattern of the rule that adverse user may be inferred from the reciprocal use of a strip of land for driveway purposes. A presumption is created under such circumstances that the use was adverse in character and the burden is cast on the owner of the alleged servient tenement to come forward with an explanation that will rebut the presumption — such for instance as proof of a license (*De Forrest v. Bunnie,* 201 Misc. 7, affd. 280 App. Div. 1035; *Barnes v. Haynes,* 79 Mass. 188; *Di Leo v. Pecksto Holding Corp.,* 304 N. Y. 505; *Bell v. Hayes,* 60 App. Div. 382). Moreover it appears in this case that plaintiff exercised some acts of maintenance and control over the entire driveway, including premises of the defendants, by placing stone and gravel thereon, and also by having the same cleaned of snow in the wintertime.

Applying the rule stated to this case we must say that since there is no proof that the inception of the user was permissive in character, and since defendants have offered no proof otherwise to rebut the presumption of adverse user plaintiff should have judgment restraining the defendants from interfering with her

use of the common driveway to a width of from eighteen to twenty feet from the southerly side of her building line.

The judgment for the defendants should be reversed, with costs, and judgment for the plaintiff directed.

BERGAN, COON and HALPERN, JJ., concur; IMRIE, J., dissents.

Judgment for the defendants reversed, on the law and the facts, with costs, and judgment for the plaintiff directed.