James J. Conroy, J.
This is an action for a declaratory judgment to adjudge that plaintiffs have a prescriptive easement over a cemented strip between their and the defendants’ respective dwellings. The plaintiffs’ claim is based on the premise that an easement exists for the use of such driveway because of an implied grant by a former owner and further on the ground of necessity.
Between the two properties is a driveway 7 feet 6% inches wide and running back from the front of the properties 78 feet to the rear. This driveway occupies 5 feet 4% inches of the defendants’ and 2 feet 2 inches of the plaintiffs’ property. The plaintiffs purchased their property on January 25, 1956 and the defendants acquired theirs in June of 1950. The driveway was constructed prior to 1936 by a predecessor in ownership of the defendants’ property. At the time of its construction, there was a porch on the side of defendants’ property nearest the said driveway and there was insufficient room between the porch and the property line to afford space for an adequate driveway which would be entirely on the defendants ’ property. What the arrangement was between the then owners at the time of the said construction was not disclosed by any evidence in the case.
In 1936, plaintiffs ’ property was purchased by one Griardella, the plaintiffs’ immediate predecessor in title. The evidence disclosed that the driveway was in existence when Griardella purchased the property and that from the time of such purchase it was used by him and some member of his family for access to the rear of his property, until Griardella sold it to the plaintiffs in 1956. From time to time but not continuously, this driveway was used by automobiles owned by some member of the Griardella family. There was also evidence that Griardella, himself, used this driveway to take ashes from the rear of his house to the street, sometimes by cart and sometimes by rolling the cans of ashes down the driveway. No proof of any objection to the foregoing use of the driveway from the time of GHardella’s purchase of the property until he sold it in 1956 was adduced.
*333 When the plaintiffs purchased the property in 1956, the defendants objected to their use of the driveway and built a metal fence thereon along their property line. The porch on the defendants’ house on the side nearest the driveway has been removed and there is now sufficient room between the defendants’ house and the metal fence to enable the driveway on their side of the fence to be widened sufficiently to allow the passage of automobiles. On the plaintiffs ’ side of the fence, however, there is not sufficient room to widen the existing driveway so as to afford room for the passage of vehicles between the fence and the side of plaintiffs’ house.
Defendants lay great stress on the fact that Giardella used the garage in the rear of his premises on the side nearest the driveway as a greenhouse rather than a garage and that the Giardella family did not at all times have or own an automobile.
The use of the driveway for passage of automobiles however, is not controlling in this case because the driveway was used as a means of access for other purposes over the twenty-year period during which Giardella owned the premises.
There is no evidence in this case that the occupation and use by Giardella during the twenty-year period was by the permission, license or favor of the defendants’ predecessor in title or by the defendants themselves after their acquisition of the property in 1950; nor is there any evidence of any objection to such use by the defendants or their predecessors during the time Giardella used the driveway. In De Forrest v. Bunnie (201 Misc. 7, affd. 280 App. Div. 1035) the court said: “ Reciprocal use of a strip along a common boundary line, comprised of land on both sides, pursuant to an oral or implied agreement, and use as a drive, or passageway, for a period of fifteen years may ripen into an easement. Each owner, by the use of his adjoining neighbor’s portion of the way, asserts an adverse right in the portion of the way lying on the other’s land. (Nicholls v. Wentworth, 100 N. Y. 455, 461; Townsend v. Bissell, 4 Hun 297; Johnson v. Whelan, 171 Okla. 243, Note 98 A. L. R. 1098.) ” (See, also, Czebiniak v. Woloszyn, 159 N. Y. S. 2d 632, 634.)
Upon all the evidence in the case, the court is of the opinion that there was a reciprocal use of the property for driveway purposes by the immediate predecessors in title of the parties for a period of more than fifteen years which ripened into an easement and entitles plaintiffs to the continued use of such driveway and the restraint of the defendants from interfering with such use. A right of way acquired by prescription carries *334 with it a right to remove all obstructions to its enjoyment. (McMillan v. Cronin, 75 N. Y. 474.) Accordingly, the fence erected by the defendants on the driveway will he removed within five days after the service of a copy of the judgment to be entered with notice of entry.
This constitutes the decision of the court, pursuant to section 440 of the Civil Practice Act.
Submit judgment. - , . ,