Samuel H. Hofstadter, J.
The plaintiff and defendant own adjacent parcels of real property in the Borough of Manhattan, City of New York. The plaintiff’s plot, known as 596 Ninth Avenue and acquired by him in 1947, is situated on the east side of Ninth Avenue between 42nd and 43rd Streets. Its dimensions are 80 feet by 20 feet and on it is erected an old four-story brick building; on its ground floor the plaintiff himself conducts a delicatessen and grocery store; the second floor is occupied by a commercial tenant, and residential tenants occupy the third and fourth floors. This building covers the width but not the entire depth of the lot, the open space between the rear of the building and the easterly boundary line of the property constituting a back yard.
The defendant owns two contiguous parcels to the rear of the plaintiff’s property, 361-363 West 42nd Street and 358-360 West 43rd Street. The level of the defendant’s 42nd and 43rd Street premises is higher than that of the plaintiff’s on Ninth Avenue. The testimony is in dispute as to the exact difference in the elevation of the two properties, the estimates varying between 5 feet to 5% feet and 10 feet to 12 feet. It is unnecessary to resolve this dispute, for it is clear that in any event the difference is so substantial that the defendant’s property can be reached from the plaintiff’s rear yard only by the iron ladder or stairway to be described.
At the rear or easterly line of the plaintiff’s parcel is a brick wall extending upwards from the plaintiff’s yard to the level of the defendant’s premises. Similar brick walls of substantially the same height extend the northerly and southerly walls beyond the rear of the plaintiff’s building to the rear line of the lot, so that the back yard is hemmed in on all sides, by the building on the west and by the brick walls on the other three sides.
At least 20 years ago there was affixed to the brick wall at the rear of the plaintiff’s parcel an iron ladder or stairway, the top step of which was near enough to the level of the yard of the premises 360 West 43rd Street, to permit a person using the stairway readily to ascend to or descend from the 43rd Street premises. At the top of the stairway a wooden gate or door about 4 feet in width was installed, which opened upon the back yard of 360 West 43rd Street. During the period of the plaintiff’s ownership he maintained this gate in repair; the gate has been left unlocked, thus affording ready access between the two back yards. Ever since their original installation the stairway and gate have remained continuously in the condition above described until the changes made by the defendant, soon to be noted. This condition was open and notorious.
*1025 The evidence establishes that while 596 Ninth Avenue was in the ownership of the plaintiff as well as his predecessors in title, its occupants from time to time, without let or hindrance, made their way to and from its back yard by walking along 43rd Street through the hallway of 360 West 43rd Street and using the iron stairway and gate already mentioned. Though there is no direct evidence that the stairway and gate were initially installed to create a continuous passageway from the rear yard of 596 Ninth Avenue through 360 West 43rd Street to 43rd Street and thereby to provide an additional means of exit in case of fire, it is a fair and allowable inference that this was an important, if not the sole, reason for the installation. The installation does in fact satisfy present-day requirements for access to the street from the rear fire escapes of the plaintiff’s building.
The defendant became the owner of its properties in 1956 and thereafter demolished the buildings standing thereon to make the premises suitable for use as a parking lot by the tenant to whom they had been leased. In the course of so adapting the property to this use, the gate at the head of the iron stairway was removed and the opening where it had been located was sealed through the erection of a brick wall along the entire length of the westerly wall of the defendant’s property immediately adjoining the plaintiff’s easterly lot line. With the consent of the parties the court has viewed the site. It appears both from the testimony and this view that the level of the defendant’s property has been raised above its former level and that the top step of the iron stairway then was so far below the new level that, even had the opening not been bricked up, it would have been very difficult, if not impossible, to use the stairway as a means of access to the defendant’s property. Pursuant to a temporary injunction obtained by the plaintiff, the opening has been restored and the plaintiff has since the trial replaced the former iron stairway with a new and longer one within reach of the higher level of the defendant’s ground.
Soon after the opening from the iron stairway to the defendant’s property had been sealed off, the city’s Department of Buildings served a notice of violation on the plaintiff for failure to provide proper legal termination to the street for the rear fire escapes of his building as required by law. When the plaintiff’s demands that the defendant restore the means of escape for the residential tenants in case of fire and thus enable him to secure the removal of this violation were rebuffed, he brought this action in which he seeks appropriate equitable relief.
*1026 The plaintiff’s action is grounded on the claim of an easement by prescription. The principles governing such an easement are well established; differing from adverse possession, the easement springs from use rather than possession or occupancy. The use must be “ adverse, open and notorious, continuous and uninterrupted for the prescriptive period.” (Di Leo v. Pecksto Holding Corp., 304 N. Y. 505, 511-512; De Forrest v. Bunnie, 201 Misc. 7, affd. 280 App. Div. 1035.) While the use must be under claim of right, under ordinary circumstances open, notorious, uninterrupted and undisputed use is presumed to be adverse under claim of right and “ casts the burden upon the owner of the servient tenement to show that the user was by license” (Pirman v. Confer, 273 N. Y. 357, 363). There is no evidence in this case of protest or attempted interference of any kind on the part of any owner of the property 360 West 43rd Street with the use of the iron stairway, gate and hallway of 360 West 43rd Street, as stated, nor suggestion that this use was by license or permission of such owners and not under claim of right.
The decisions cited in support of the opposing positions of the parties merely apply the foregoing principles to given situations. None of these situations is sufficiently similar to that with which we are here faced to furnish a helpful analogy. No authoritative precedent has been found, and the case seems one of novel impression, in this State, at any rate.
Since an easement restricts the owner of the servient tenement in the free use of his property and, when resting on prescription, lacks the precision of a written agreement defining its terms, the existence of such an easement is not to be found lightly. These considerations carry peculiar weight in a metropolitan city such as New York, where old buildings must more and more make way for newer ones to meet the expanding needs of its people. A servitude capable of interfering with the construction of a new building may be a serious obstacle to progress and conceivably not in the public interest. When such a servitude is created by the deliberate act of the parties expressed in a formal agreement or other instrument, it may be assumed that they have taken account of its possible future consequences. An easement by prescription ordinarily bears no such hallmark of reflection and forethought. Yet, continued use in a particular setting of the character and duration necessary to an easement by prescription may clearly justify a finding that the parties intended to impose one. In that case the terms of the easement will be gleaned from the course of conduct of the parties over the years in the light of all the *1027 circumstances. The task then becomes that of ascertaining their presumed intention, and in this search due heed can and should be given to the long-range effects of the claimed easement. Through this approach the immediate needs of the parties can be satisfied and the way still left open for the future development of the properties concerned. Thus the law reaches a fair accommodation between the conflicting demands of the present and the future.
The iron stairway and gate have existed and their use has continued for the prescriptive period. This was a plainly visible condition which endured without hindrance or molestation throughout the years. Every necessary element of an easement by prescription is present. Without its continued enjoyment the occupancy of the plaintiff’s building in its present form is unlawful. Surely, its serviceability as a protector of human life does not rob it of vitality, whatever its original design. Nor is enforcement of the easement to be withheld because until now, by the grace of fortune, it has not been necessary to resort to it as a fire exit.
It does not follow, however, that this easement is perpetual or of indefinite duration. The presumed intention of the parties when they imposed it can be given full sway without projecting it into the distant and unknown future. A realistic view of their intention is that the easement was to continue in force only so long as the two existing buildings remained standing or there was no change in the conditions, which would make its further enforcement unfairly onerous to the servient tenement. It would be utterly unreasonable to impute to the owners of 360 West 43rd Street a purpose to forego the right to improve their property in the future to provide the neighboring property with a fire exit. While the two buildings stood, enjoyment of the easement was beneficial to the plaintiff’s property and inflicted no undue burden on the defendant’s property. The leveling of the building 360 West 43rd Street has made no real change in the situation. The easement is not merely beneficial but necessary to the plaintiff’s property by reason of the fire hazard flowing from its abolition. So long as the defendant’s adjacent property is used as a parking lot, continuance of the easement subjects it to no unreasonable burden. The small opening in the wall at the head of the iron stairway as a means of exit will not interfere with the operation of the parking lot. The easement so limited to the period during which the plaintiff’s building remains in its present state and the defendant’s adjacent property is not built upon, leaves wholly unimpaired the defendant’s right to build on its parcel whenever it *1028 wishes, and if and when it does so, the easement comes to an end. This result does full justice to both parties. It gives the plaintiff enjoyment of the easement while his building retains its present state and needs the fire protection, and at the same time allows the defendant to build on its property free of the easement when the occasion therefor is ripe. The plaintiff’s present right is vindicated without retarding progress in the area.
The plaintiff’s motions to strike the testimony of the defendant’s president regarding the title search and the survey are denied with exception to the plaintiff in each instance.
The plaintiff is entitled to judgment directing the defendant not to interfere with the plaintiff’s use of the opening in the wall at the head of the iron stairway as an exit substantially in the same manner and to the same extent as heretofore so long as the plaintiff’s building remains in its present state and the defendant’s adjacent premises are not built upon. Settle judgment accordingly.
The foregoing constitutes the decision pursuant to section 440 of the Civil Practice Act.