■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM JOHN McCORMICK, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Kings County, sentencing appellant, after he had been found guilty by a jury of manslaughter in the first degree, to serve from 10 to 20 years. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARLOW JOSEPH FRADEN, Appellant, against JOHN F. McNEILL, as Director of the Matteawan State Hospital of the County of Dutchess, Respondent.— Appeal from an order dismissing, after a hearing, a writ of habeas corpus and remanding appellant to custody. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE F. SULLIVAN, Appellant, against EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Appeal from an order dismissing, after a hearing, a writ of habeas corpus and remanding appellant to custody. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ MICHAEL ROCHE et al., Respondents, v. LUIGI CERRATO et al., Appellants.— Appeal from a judgment declaring that respondents have a driveway easement over a portion of appellants' land and directing appellants to remove a fence that they have erected on the driveway along the boundary line of their property. The parties are owners of adjoining properties on which are dwellings, each with a garage in the rear. Between the houses is a paved driveway seven feet six and one-half inches wide, of which two feet two inches is on respondents' property, and five feet four and one-half inches is on the land of appellants. Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact numbered 7, 8 and 9 are reversed. Appellants acquired title to their property in 1950. The dwelling was built in 1907. Respondents purchased their property in 1956, and the dwelling thereon was constructed in 1915. A paved driveway existed between the houses as of 1936. In 1938 appellants' grantor procured a permit to cut the curb, and also repaired the driveway. Save for itinerant use by others, the driveway was not availed of as such by respondents' predecessor in title, who had purchased the property in 1936. There was no proof of the existence of any agreement as to the respective rights of the adjoining property owners. The proof is insufficient to warrant the impressment of an easement based on an implied grant or adverse user. Nolan, P. J., Murphy and Kleinfeld, JJ., concur; Wenzel and Beldock, JJ., dissent and vote to affirm, with the following memorandum: For over 20 years the distance between appellants' porch and the edge of their property was only three feet. Therefore, they needed two feet two inches of respondents' property in order to be able to make use of the driveway. Under these circumstances, there was an easement in favor of respondents. (*De Forrest* v. *Bunnie,* 201 Misc. 7; affd. 280 App. Div. 1035, and cases therein cited; *Hildreth* v. *Goodell,* 286 App. Div. 278.) It is only recently that appellants reconstructed their porch in such a way that they now have five feet four and one-half inches between their porch and the edge of their property and they do not need any part of respondents' property to use the driveway. [10 Misc 2d 331.]