■ JACOB KOPP et al., Respondents, v. IRVING NIEMETZ et al., Appellants, et al., Defendant.— Appeal by the defendants Niemetz from a judgment of the Supreme Court, Queens County, entered May 1, 1959, after trial before an Official Referee, declaring that plaintiffs' predecessor in title, the late Clare Kopp, (who originally was the plaintiff in the action and who died during the pendency of this appeal) has a driveway easement over a portion of the land of the defendants Niemetz, enjoining said defendants from interfering with such easement, and directing them to remove a fence which they have erected on the driveway along the boundary line of their property. Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Insofar as finding of fact number 6 is inconsistent herewith, it is reversed. The parties to this appeal are owners of adjoining properties, on each of which is a dwelling with a garage in the rear. Between the houses is a paved driveway 17.32 feet in width, of which 7.04 feet is on plaintiffs' property and 10.48 feet is on the land of the defendants Niemetz. In our opinion, the evidence was insufficient to establish that the use of the disputed portion of the driveway by the present plaintiffs' predecessors in title was adverse and under claim of right against the owners of such portion for 15 years or more (cf. *Norwick* v. *Edelman*, 204 Misc. 915, 917, and cases cited). In the absence of proof of reciprocal adverse user by the adjoining landowners, the principle invoked by the learned Referee (cf. *De Forrest* v. *Bunnie*, 201 Misc. 7, affd. 280 App. Div. 1035; *Spahn* v. *Stegemann*, 120 N. Y. S. 2d 42; *Hildreth* v. *Goodell*, 286 App. Div. 278) has no application. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ RUTH W. KRONICK et al., Appellants, v. MONROE LAZERE et al., Respondents.— In an action by a husband and wife to recover damages by reason of her personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County, dated May 25, 1959, in favor of the defendants, dismissing the complaint after a jury trial. The plaintiff wife was injured while a passenger in a vehicle, owned and operated by defendant Lazere, which collided with another vehicle owned by defendant Gudrun B. Nelson and operated by the defendant John Nelson. Judgment affirmed, with costs. Upon the proof adduced and under the charge of the Trial Justice to which no exception was taken by plaintiffs' trial counsel, the jury was free: (1) to find that both vehicles were prudently operated at the time of the collision; and (2) to accept the defendants' contention that the accident was unavoidable despite the admitted fact that the Nelson vehicle skidded on an icy coating of the roadway at a point of incline and, as a result, crossed over to the wrong side of the two-way highway as the Lazere vehicle was descending said incline on the right side of the highway. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.