■ NORTHTOWN, INC., Respondent, v RICHARD VIVACQUA et al., Appellants. [708 NYS2d 221] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: This action involves a dispute over the right of defendants to use a driveway straddling the common boundary line between their property, where their insurance business is located, and property owned by plaintiff known as Northtown Plaza. The properties are separated by a driveway 30 feet in width, 5½ feet of which is located on defendants' property and 24½ feet of which is located on plaintiff's property. That driveway is commonly used by the public to enter and exit both Northtown Plaza and defendants' business. Plaintiff commenced this action seeking to enjoin defendants from trespassing on that part of the driveway located on plaintiff's property.

Supreme Court properly denied the motion of defendants seeking dismissal of the complaint and judgment on their counterclaim declaring that they have acquired a prescriptive

easement over plaintiff's portion of the driveway and granted the cross motion of plaintiff for summary judgment. Defendants failed to meet their burden of establishing by clear and convincing evidence that their use of the driveway was adverse, open and notorious, continuous and uninterrupted for the prescriptive period of 10 years (*see,* RPAPL 311; *Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Vinciguerra v State of New York,* 262 AD2d 743, 745; *Lyon v Melino,* 214 AD2d 992, 993). Because defendants' use of the driveway was in common with the general public, defendants had to show "some distinctive and decisive act on [their] or [their] predecessors' part indicating an exercise of exclusive right sufficient to notify the owner of the user and of the claim of right" (*Pro-Fac Coop. v Baltimore & Ohio R. R. Co.,* 36 AD2d 441, 444; *see, Lyon v Melino, supra,* at 993). Defendants admitted that they made no attempt to seize plaintiff's portion of the driveway and presented no evidence that they asserted an exclusive right to use the driveway.

Furthermore, because defendants' use of the driveway was initially permissive in nature, "it was incumbent upon [defendants] to show the 'assertion of a hostile right which is made known to the property owner'" (*Lyon v Melino, supra,* at 993, quoting *Hassinger v Kline,* 91 AD2d 988, 989). Defendants failed to present proof of any act on their part that would provide notice to plaintiff of a hostile claim of right to use plaintiff's portion of the driveway. We reject the contention of defendants that the element of adverse use may be presumed by the parties' reciprocal use of the driveway. Although the adverse use requirement needed to establish a prescriptive easement may be inferred from reciprocal use of a driveway located along a common boundary line (*see, Czebiniak v Woloszyn,* 159 NYS2d 632, 634, *affd* 5 AD2d 807; *DeForrest v Bunnie,* 201 Misc 7, 10, *affd* 280 App Div 1035), defendants failed to establish that the driveway in question was used in a reciprocal adverse manner by the parties (*see, Kopp v Niemetz,* 11 AD2d 739). While defendants had a need to use plaintiff's portion of the driveway, plaintiff had no similar need to use defendants' portion of the driveway. Thus, this is not a true reciprocity case but rather a case of "mere permissive use over the land of another [that] will never ripen into an easement" (*DeForrest v Bunnie, supra,* at 10).

Because plaintiff in its motion sought, *inter alia,* a declaratory judgment, the court should have declared the rights of the parties (*see, Pless v Town of Royalton,* 185 AD2d 659, 660, *affd* 81 NY2d 1047). We modify the judgment, therefore, by granting judgment in favor of plaintiff declaring that plaintiff has

the exclusive right to own, use and possess the 24½ feet of the Bailey Avenue driveway located on its property. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Declaratory Judgment.) Present—Green, J. P., Wisner, Hurlbutt and Balio, JJ.