■ VENTURETEK, L.P., et al., Appellants, v RAND PUBLISHING Co., INC., et al., Defendants, and MASON P. SLAINE et al., Respondents. [833 NYS2d 93]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 10, 2006, which granted the motions by defendants Slaine and Danziger for summary judgment dismissing the complaint against them, and denied plaintiffs' motion for partial summary judgment, unanimously affirmed, with costs.

Plaintiffs, shareholders of defendant Rand Publishing Co., allege, inter alia, breach of fiduciary duty and usurpation of corporate opportunities by Slaine and Danziger, also Rand shareholders, in connection with said defendants' acquisition of four companies on behalf of another entity of which those defendants were full-time employees.

It is well settled that the law of the state in which an entity was incorporated (here, Delaware) is controlling as to matters relating to its internal affairs (*Carroll v Weill*, 2 AD3d 152, 153 [2003], *lv denied* 2 NY3d 704 [2004]). Under Delaware law, a fiduciary may "take a business opportunity for himself once his corporation has properly rejected the opportunity or if it is established that it is not in a position to take it" (*Field v Allyn*, 457 A2d 1089, 1099 [Del Ch 1983], *affd* 467 A2d 1274 [Del 1983]).

Therefore, while "a corporate officer or director may not take a business opportunity for his own if: (1) the corporation is financially able to exploit the opportunity; (2) the opportunity is within the corporation's line of business; (3) the corporation has

an interest or expectancy in the opportunity; and (4) by taking the opportunity for his own, the corporate fiduciary will thereby be placed in a position inimicable to his duties to the corporation," the corollary to this rule is that "a director or officer may take a corporate opportunity if: (1) the opportunity is presented to the director or officer in his individual and not his corporate capacity; (2) the opportunity is not essential to the corporation; (3) the corporation holds no interest or expectancy in the opportunity; and (4) the director or officer has not wrongfully employed the resources of the corporation in pursuing or exploiting the opportunity" (*Broz v Cellular Info. Sys., Inc.*, 673 A2d 148, 155 [Del 1996]).

Clearly, Rand lacked the funds to make any of the four acquisitions in question, much less all of them (*see id.*; *Wolfensohn v Madison Fund, Inc.*, 253 A2d 72, 76 [Del 1969]). At the time the acquisitions were made, Rand's assets consisted of approximately $1.2 million in cash and an illiquid investment of $1.25 million, whereas the cash purchase prices for the four subject entities totaled $31 million, and the buyer of one of the entities was also required to assume $18 million in liabilities. Although plaintiffs speculate that they were not afforded the opportunity to raise the requisite funds or that they might have been able to finance the purchases by some means other than having to put up the necessary cash, the fact remains that the Rand shareholders agreement made no provision for additional capital contributions from any of the stockholders, and none of the plaintiffs ever offered to invest any more money in Rand.

It is thus clear that at the crucial point at which the employer of Slaine and Danziger acquired the properties (*see Broz*, 673 A2d at 156), Rand did not possess the financial capacity to purchase any of the four properties, and plaintiffs' conjecture to the contrary is insufficient to raise a triable issue of fact in the absence of any concrete evidence that Rand had the requisite financial resources to avail itself of the opportunity to buy those entities. There is, similarly, no evidence that Rand had any interest or expectancy in the subject properties (*id.*). Indeed, it is undisputed that Rand had no exclusive right to the services of either individual defendant, and "a corporate officer or director is entirely free to engage in an independent, competitive business, so long as he violates no legal or moral duty with respect to the fiduciary relation that exists between the corporation and himself" (*Guth v Loft, Inc.*, 23 Del Ch 255, 280, 5 A2d 503, 514 [1939]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Saxe, J.P., Sullivan, Nardelli, Gonzalez and Kavanagh, JJ.