# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1080**
**CA 15-00991**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

DORN ENERGY, LLC, ANDREW W. DORN, IV,
MATTHEW J. DORN, AND ANDREW W. DORN, JR.,
PLAINTIFFS-RESPONDENTS,

V                                                 MEMORANDUM AND ORDER

NORA B. SULLIVAN, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (GUY J. AGOSTINELLI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered May 12, 2015.  The judgment granted
plaintiffs' renewed motion for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting judgment in favor of
plaintiffs as follows:

> It is ADJUDGED AND DECLARED that defendant has no
> ownership, membership, equitable, or other interest in
> plaintiff Dorn Energy LLC (Dorn Energy); that the individual
> plaintiffs did not and do not owe any fiduciary duties to
> defendant with respect to the economic opportunity at issue;
> that Dorn Energy did not and does not owe any fiduciary
> duties to nonparty, dissolved Great Lakes Energy Partners,
> LLC, formerly known as Great Lakes Solar Partners, LLC,
> formerly known as Energy Project Partners, LLC (Great
> Lakes); and that the individual plaintiffs did not breach
> any fiduciary duties to Great Lakes,

and as modified the judgment is affirmed without costs.

Memorandum:  Plaintiffs commenced this action pursuant to CPLR
3001, seeking various declarations to the effect that they breached no
fiduciary duty to defendant or to a now-dissolved Delaware limited
liability company, most recently known as Great Lakes Energy Partners,
LLC (Great Lakes), of which the individual plaintiffs and the
defendant were members.  Defendant appeals from a judgment that
granted plaintiffs' renewed motion for summary judgment on their

claims and dismissed defendant's counterclaims.  Supreme Court properly determined, for reasons stated in its decision, that plaintiffs demonstrated as a matter of law that they have no liability to defendant or to Great Lakes inasmuch as the individual plaintiffs did not usurp an economic opportunity that "in fairness" belonged to Great Lakes (*Broz v Cellular Info. Sys.*, 673 A2d 148, 154-155, citing *Guth v Loft*, 23 Del Ch 255, 267, 5 A2d 503, 509; *see generally Venturetek, L.P. v Rand Publ. Co., Inc.*, 39 AD3d 317, 317-318, *lv denied* 10 NY3d 703).  The court also properly determined that defendant, in opposition to the motion, failed to raise any triable issues of fact with respect to the claims or counterclaims.  We add only that the judgment must be modified to declare "the rights and other legal relations of the parties" in accordance with plaintiffs' request for relief (CPLR 3001; *see Germeo v Village of Albion*, 306 AD2d 928, 929, *lv denied* 100 NY2d 514; *Northtown, Inc. v Vivacqua*, 272 AD2d 917, 918).

Entered:  November 18, 2016                Frances E. Cafarell
                                           Clerk of the Court