Jacob C. Stirn, Respondent, *v.* 293 Avenue B Corporation, Appellant.

First Department, November 2, 1928.

*Stoddard B. Colby* of counsel [*Dean, King & Smith*, attorneys], for the appellant.

*Eugene L. Brisach*, for the respondent.

FINCH, J. This appeal involves the title of defendant to certain real property which the plaintiff contracted to purchase from the defendant. Title was rejected by the plaintiff upon the sole ground that the property was incumbered by a condition contained in a water grant. The plaintiff demanded judgment that the defendant specifically perform and, in the event defendant was unable to convey title in accordance with the contract of sale, that plaintiff have judgment for the amount of the down payment, together with the expenses of examination of title. As the plaintiff had rejected title, the action in effect was to recover the down payment. The defendant denied that the title was defective and prayed that plaintiff specifically perform. At the trial the title was held defective and plaintiff received judgment for the down payment.

The judgment must be reversed and the plaintiff required specifically to perform the contract of sale upon the ground that the property in question was purchased subject to the obligations contained in the water grant, and for the further reason that in any event the property has been duly released from such obligations.

The property in question, by the contract of sale between the parties hereto, was sold " subject to covenants contained in Grant recorded in Liber G of Grants, page 416 (Comptroller's office) and Liber 223 of Conveyances on page 467 (Register's office), in so far as the same may now be in force and effect." By the water grant referred to in the contract of sale, the grantees covenanted to maintain and repair certain streets and wharves which they covenanted to build, subject to the condition that in default of such performance the grant should be void and the grantors and their successors might re-enter. It is the respondent's contention that the contract of sale did not except the above condition. This contention is based solely upon the ground that the contract of sale did not specifically refer to the conditions but only to the covenants in the water grant. This objection is untenable. The water grant, as noted, contained certain covenants and a penalty for the breach of the covenants. Obviously a sale subject to the covenants was also subject to the condition incidental to the covenants. Concededly the respondent purchased the property with the obligation under the water grant to perform the covenants to maintain and repair certain streets and wharves. Inseparably bound up with these covenants is the condition in the event of default. The respondent was put upon notice as to the precise

terms of the water grant. There is no claim of fraud or misrepresentation upon the part of the defendant as to what these terms were. Where there has been such misrepresentation, the courts have held that the Recording Acts will not be allowed to be used to perpetrate a fraud. (*Ruckstuhl* v. *Healy*, 222 App. Div. 152.) In the absence of any claim of fraud or misrepresentation, however, the vendee is put on notice of the contents of a duly recorded document and its meaning.

The title to the property is marketable and this is an additional reason why specific performance should be granted. It appears that the premises have been duly released from the covenants and conditions in said water grant contained, or, in any event, may be so released upon the payment of a comparatively nominal amount. In 1926 chapter 830 of the Laws of 1926 of the State of New York was passed. Said act is entitled: " An Act relating to paving, repaving and repairing certain streets in the city of New York, and the levying of assessments to pay the expense thereof, as a substitute for covenants for paving, repaving and repairing said streets." By section 1 of said act it is provided that whenever any streets described in any grant from the city containing covenants to maintain shall need repairs, the board of estimate and apportionment may require the same to be repaired and the expense assessed upon the property benefited. It is further provided that the adoption of such a resolution shall be considered a consent by the city to the release and discharge of the owners from all covenants and obligations in reference to maintenance contained in the water grant under which the premises are held and that payment of the assessment levied shall be considered a consent of the owner and shall release the property in question from all liability in respect to such covenant. By section 2 of said act it is provided that when an owner files a consent that his lot shall be assessed in accordance with section 1 of the act and the city passes a resolution as therein provided, the owner shall be relieved from any further obligation in regard to maintenance under the aforesaid covenants and the lot, in respect of which such notice shall be given, shall be liable to assessment accordingly. On June 22, 1926, the board of estimate and apportionment duly adopted a resolution pursuant to the provisions of the above-mentioned act, providing for certain repaving and further providing that the cost and expense should be assessed upon the property deemed benefited. On May 10, 1927, the defendant, appellant, had duly filed a notice pursuant to section 2 of said chapter 830 of the Laws of 1926, reciting that the defendant, appellant, was the owner of a certain lot affected by the water grant above referred to and stating that defendant, appellant, " desires

for itself and its successors and assigns to be released from the obligations of such covenants, and elects and agrees that the said lot shall be thereafter liable to be assessed as provided in Section 1, Chapter 830 of the Laws of 1926."

The respondent contends that under the provisions of the act above referred to it was necessary that the consent of the owner precede the resolution of the board of estimate and apportionment. It seems plain from the tenor of the act that all that was required in this connection was the consent of both parties. Whether the consent of the one or the other was first given, is of no materiality and the court should not, by the literal wording of the act, put an unreasonable construction upon it. That the consent of both parties is all that is required, without regard to priority, is shown by the fact that whereas by section 2 of the act of 1926 the consent of the lot owners is the first dealt with in providing a method for the repairs and the release of the covenants, yet in section 1 it is provided that the board of estimate and apportionment may first pass a resolution and that the payment of the assessment shall constitute a consent on the part of the lot owner and shall release the lots and the owner from any further obligation under the covenant. We thus have a resolution on the part of the board of estimate and apportionment to assess the lot in lieu of the obligation on the part of the owner to repair and the request of the lot owner that the lot be so assessed and the owner released from the obligation to repair.

Moreover, and in any event, since the board of estimate and apportionment, by their resolution, have assessed the lot in question even though there has not been an absolute discharge of obligation under the covenants to repair contained in the water grant, such obligation may completely be discharged and released by the payment of any amount assessed against the property pursuant to the aforesaid resolution. Under such circumstances the title to the property in question is not defective or unmarketable.

It follows that the judgment appealed from should be reversed, with costs, and judgment granted in favor of the defendant decreeing the specific performance of the contract on the part of the plaintiff, with costs.

McAVOY and PROSKAUER, JJ., concur; DOWLING, P. J., and MARTIN, J., dissent.

MARTIN, J. (dissenting). The parties to this action contracted for the purchase and sale of a piece of real property. At the closing the purchaser refused to accept the title on the ground that it was unmarketable.

It was provided in the written contract that the sale was made " subject to covenants contained in Grant recorded in Liber G of Grants, page 416 (Comptroller's office), and Liber 2323 of Conveyances on page 467 (Register's office), in so far as the same may now be in force and effect and which present buildings and structures do not violate."

Several covenants were set forth in the grant. The one here under consideration provided for an absolute reversion in case of a breach thereof.

The Court of Appeals has held that similar provisions were conditions and not covenants. (*Munro* v. *Syracuse, L. S. & N. R. R. Co.*, 200 N. Y. 224.)

The proposed purchaser, not knowing whether said condition had been complied with or had been violated, refused to accept a title which might be questionable and likely to result in a legal contest.

If the buyer is chargeable with knowledge of the contents of the so-called covenants as well as their legal effect, then he must accept the title. If he is not, then his refusal to accept should be upheld.

In *Mead* v. *Bunn* (32 N. Y. 275, 278) the court said: " It is claimed, on behalf of the appellant, that the mortgage was duly recorded, and that the plaintiff was, therefore, chargeable with constructive notice, that the statements of the defendant, as to its contents, were false. No such fact is found by the referee; but if it were otherwise, it is sufficient to say, that it is neither the purpose nor the office of the recording acts, to charge the immediate parties with constructive notice of the precise contents of the instruments they execute, but to notify subsequent purchasers and incumbrancers of the rights such instruments are intended to secure. * * * Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party and unknown to him, as the basis of a mutual engagement; and he is under no obligation to investigate and verify statements, to the truth of which, the other party to the contract, with full means of knowledge, has deliberately pledged his faith."

In the recent case of *Ruckstuhl* v. *Healy* (222 App. Div. 152) this court held " that defendant's positive assertions, both written and oral, as to the nature of the mortgage executed by himself, justified the plaintiff in relying on the representations without a search of the record title."

To require a prospective purchaser to search a title before entering into a contract is casting too great a burden upon him.

The plaintiff has a right to rely on the fact that the deed contained covenants only and the property was not subject to a condition, the violation of which permitted a forfeiture. The proposed purchaser was without means of knowing whether there had been a violation.

Attempts to dispose of this condition appear to have been without success. In any event, the purchaser is not bound to decide if such attempts were or were not in conformity with the statute.

We are of the opinion that at the time of entering into the contract the condition was still in force and the title to the property burdened therewith.

The judgment for the plaintiff should be affirmed.

DOWLING, P. J., concurs.

Judgment reversed, with costs, and judgment directed in favor of the defendant decreeing the specific performance of the contract on the part of the plaintiff, with costs. Settle order on notice; the findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.