M. R. M. REALTY Co., INC., Appellant, Respondent, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent, Appellant.

First Department, May 10, 1935.

*Henry S. Miller*, for the plaintiff.

*C. Elmer Spedick*, for the defendant.

GLENNON, J. The defendant has appealed from a judgment entered at Special Term, which granted a reformation of a title insurance policy and allowed damages to the plaintiff in the sum of $18,000, together with interest amounting to approximately $11,000.

The complaint contained four separate and distinct causes of action. The trial court properly dismissed the first and third causes of action but erroneously refused to dismiss the second and fourth. It is unnecessary to state in detail the substance of the several causes of action, except in so far as we deem the facts alleged and proved to be essential to indicate the reasons for our conclusions.

The plaintiff's nominee, on May 18, 1925, entered into a contract for the purchase of property located at No. 144 Tenth avenue, and 456–458 West Nineteenth street, in the borough of Manhattan, city of New York, for the sum of $29,000. Shortly thereafter, plaintiff, through its attorneys, applied to the defendant, Title Guarantee and Trust Company, for a title policy. In due course, before the closing, the defendant forwarded its report certifying that the title was good, marketable and clear of all incumbrances and defects " except as noted below." The only exception with which we are concerned reads as follows: " 3. Restrictive Covenants, Easements and Agreements. Covenants and City Grants as to building wharf, road &c. in L. ' G ' p. 491 and L. 328, cp. 91." In the report, and on a separate typewritten page, the covenants embodied in the grant were set forth at length. The water grant, which covered this property, ran to one Samuel Boyd, and was dated January 2, 1827. It conveyed to Boyd, " All that certain water lot, vacant ground, and soil under water to be made land and gained out of the North or Hudsons River." Briefly, the covenants provided that Boyd and his heirs, executors, administrators and assigns, within three months after being " required " so to do by the city, were obligated not only to build, erect, make and finish designated wharves or streets and a bulkhead, but also to

keep them in repair. The cost and expense were to be borne by the grantee.

Title was closed June 29, 1925, and thereafter a policy in the principal sum of $29,000 was delivered to the plaintiff. The exception in the policy was worded as follows: " Covenants *and conditions* contained in Grant recorded in Book ' G,' City Grants, New York Comptroller's office, at page 491, and in instrument recorded in Liber 328 of Conveyances at page 91, in the office of the Register of the County of New York." (Italics ours.) The conditions in the grant were, that " if the said party of the second part [grantee] his heirs, executors, administrators and assigns shall make default in the performance of any or either of the covenants above contained, on his and their part and behalf to be observed, performed, fulfilled and kept, then and in every such case these presents and every article, clause and thing herein contained shall be absolutely null and void, and the said parties of the first part and their successors shall and may forthwith thereupon enter into and upon the said premises hereby granted and shall thereafter be seized of the said premises with the appurtenances free, clear and discharged of and from any claim or right, or pretence of claim or right of the said party of the second part, his heirs and assigns, anything herein contained to the contrary notwithstanding."

It is conceded that for a period of more than one hundred years the city of New York has never attempted to enforce the covenants or the conditions.

The inclusion of the words " and conditions " in the exception in the policy, according to plaintiff, was not noticed at the time of delivery. It asserted that its attention was not directed to this variation until 1928 when a purchaser rejected the title as unmarketable, and instituted an action against this plaintiff to recover the down payment. The defendant title company, through its attorneys, represented this plaintiff in that litigation, which was subsequently settled. It further appears that the defendant sought without success to obtain a release of the covenants and conditions subsequent in the grant from the commissioners of the sinking fund. In 1932 another purchaser refused to accept title on the theory that it was defective, and subsequently this action was commenced against the title company. However, at no time since the issuance of the policy did the defendant concede that the title was not good and valid. The court at Special Term in this case granted judgment to the plaintiff apparently upon the theory that the title was unmarketable, and reformed the policy so as to omit the words " and conditions " in the exception clause, and awarded damages to the plaintiff.

We believe that the plaintiff has a good and marketable title. The absurdity of a contrary holding is best illustrated by an enumeration of things which have occurred since the water grant was made in 1827. In the first place, by virtue of a reservation contained in the conveyance, the city has given a further grant in front of and to the west of the property in question. Thus it became impossible for the grantee or his successors to build the bulkhead referred to in the grant. Particularly is that so when we realize that during the past one hundred years the course of the river has been moved to the westward by filling in and reclaiming land for a considerable distance. Consequently, not only has the city constructed the streets and highways in the immediate neighborhood, but also, it has maintained and repaired them. It has never at any time required the grantee or his successors in title to comply with the covenants contained in the water grant.

Among the other things which the city has done in the course of time are the following: (1) It has permitted the erection and maintenance on Tenth avenue of a double-track railroad. (2) It has permitted the Empire City Subway Company to erect and maintain under Tenth avenue and near the surface a conduit for telephone and electric wires, and to maintain manhole covers on the surface. (3) The Consolidated Telegraph and Electric Subway Company, with the city's consent, maintains a subway for electric, telephone and fire signal wires under Tenth avenue. (4) Sewers have been constructed by the city. (5) Gas mains are laid in the bed of Tenth avenue; and (6) the land under water to the west and in front of this property, as previously mentioned, was filled in by others, pursuant to the terms of an additional grant.

Considering the lapse of time and the series of acts specified, we believe that the city has clearly waived and abandoned any rights which accrued to it more than one hundred years ago by virtue of the covenants contained in the Boyd grant. (*Town of Huntington* v. *Titus*, 50 App. Div. 468; affd., 169 N. Y. 579.)

Again, any rights which the city may have had are long since barred by the Statute of Limitations. (Civ. Prac. Act, § 36; *People* v. *Clarke*, 9 N. Y. 349.)

We have reached the conclusion, therefore, that the title insured was good and marketable.

There is an additional ground why this judgment should not be permitted to stand. There is no evidence in the record to sustain a finding of fraud, actual or constructive, or of mistake. The report of title, as we have seen, set forth the covenants in full. The exception noted in the report was to the " Covenants and City Grants." A somewhat similar situation was presented in *Stirn* v. *293 Avenue*

*B Corp.* (224 App. Div. 458). There, Mr. Justice FINCH, writing the majority opinion, said: " The property in question, by the contract of sale between the parties hereto, was sold ' subject to covenants contained in Grant recorded in Liber G of Grants, page 416 (Comptroller's office) and Liber 223 of Conveyances on page 467 (Register's office), in so far as the same may now be in force and effect.' By the water grant referred to in the contract of sale, the grantees covenanted to maintain and repair certain streets and wharves which they covenanted to build, subject to the condition that in default of such performance the grant should be void and the grantors and their successors might re-enter. It is the respondent's contention that the contract of sale did not except the above condition. This contention is based solely upon the ground that the contract of sale did not specifically refer to the conditions but only to the covenants in the water grant. This objection is untenable. The water grant, as noted, contained certain covenants and a penalty for the breach of the covenants. Obviously a sale subject to the covenants was also subject to the condition incidental to the covenants. Concededly the respondent purchased the property with the obligation under the water grant to perform the covenants to maintain and repair certain streets and wharves. Inseparably bound up with these covenants is the condition in the event of default. The respondent was put upon notice as to the precise terms of the water grant. There is no claim of fraud or misrepresentation upon the part of the defendant as to what these terms were. Where there has been such misrepresentation, the courts have held that the Recording Acts will not be allowed to be used to perpetrate a fraud. (*Ruckstuhl* v. *Healy*, 222 App. Div. 152.) In the absence of any claim of fraud or misrepresentation, however, the vendee is put on notice of the contents of a duly recorded document and its meaning."

For the reasons assigned we are of the opinion that the judgment so far as appealed from by the defendant should be reversed, with costs, and the complaint dismissed, with costs. In so far as appealed from by the plaintiff, the judgment should be affirmed.

MARTIN, P. J., McAVOY and TOWNLEY, JJ., concur; O'MALLEY, J., concurs upon the last ground stated.

Judgment so far as appealed from by the defendant reversed, with costs, and the complaint dismissed, with costs. In so far as appealed from by the plaintiff, judgment affirmed. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.