Leonae© J. Supple, J.
Plaintiffs move for leave to serve an amended reply to defendant’s counterclaim.
Plaintiffs brought this action to recover damages for the destruction of trees and shrubs on certain lands and for certain other trespasses upon said lands, which lands, the complaint says, are owned by the plaintiffs by virtue of a certain deed. The answer denies the essential allegations of the complaint, asserts affirmative defenses of superior title, and also asserts a counterclaim asking the court to declare the rights and legal relations of the parties in and to the said lands. The reply as originally served was a general denial of the essential allegations of the counterclaim. The amended reply would • add an affirmative defense to the effect that the plaintiffs are the owners of the said lands by reason of adverse possession.
CPLE 3019 (subd. [d]) says, in part, that a counterclaim shall be treated as far as practicable as if it were contained in a complaint. Applying this statute simplifies the problems presented by this motion. The issue on this motion is whether or not, in an action seeking a declaration as to the title to land, the court should permit an amendment of the reply so as to assert a claim of title by adverse possession.
It would seem that, if title by adverse possession is not pleaded, proof thereof may not be admissible upon the trial since such matter is an affirmative defense to be pleaded and proved by a defendant. (Hammond v. Antwerp Light & Power Co., 132 Misc. 786, 791.) Furthermore, a denial of leave may well foreclose plaintiffs from thereafter effectively asserting title by adverse possession. (Cook v. Travis, 20 N. Y. 400, 404.) While the normally burdensome problem of proving adverse possession is intensified in this case because of the status of the defendant (cf. Trustees of Freeholders and Commonalty of Town of Brookhaven v. Dyett Sand-Lime Brick Co., 75 Misc. *295 310, 313), the court is not now concerned with the ultimate outcome or even the legal sufficiency of the pleading. The modern trend is to permit a party to put his pleadings in such shape as will permit a disposition of the cause on the merits rather than upon technicalities. Notwithstanding this liberal approach, prejudice to the other party will defeat an application for leave to amend and we now turn to a consideration of such possible prejudice.
The defendant says that leave to assert this defense should not be given, because no notice of claim of title to the premises by virtue of adverse possession has been served upon the Board of Education of the defendant and that such is required under subdivision 1 of section 3813 of the Education Law. In other words, the defendant claims the new matter is legally insufficient because no compliance with the statute is pleaded. The cited statute requires that such notice be given within three months after the accrual of the claim. The court points out that the proposed new matter is labeled as an affirmative defense and would not sustain a judgment in favor of plaintiffs for any relief other than a declaration that plaintiffs own the land. In a declaratory judgment action, if the proof warrants it, the court should award such relief in any event. (Rockland Light and Power Co. v. City of New York, 289 N. Y. 45, 51.) The court does not believe that the affirmative defense here involved constitutes a “claim” within the meaning of the cited statute. However, these comments are obiter dicta here since the sufficiency of the pleading is not in issue upon a motion like this. (Donato v. American Locomotive Co., 283 App. Div. 410, affd. 306 N. Y. 966.)
The defendant says that, although the plaintiffs’ motion is to obtain leave to amend the reply so as to assert title by adverse possession, what they are really seeking, and will obtain if this motion is granted, is an amendment of the complaint so that, if plaintiffs cannot prove record title, they could nevertheless recover damages upon a showing of title to the land by adverse possession. The court believes that any judgment for damages upon the cause of action alleged in the complaint must be founded upon the pleadings and proof in that action. (McCarthy v. Troberg, 275 App. Div. 139, 142.) The court does not have before it a proposal to amend the complaint so as to claim money damages upon an allegation of title by adverse possession, but only an application to permit an amendment in a declaratory judgment action.
Finally, the defendant says that laches should bar the requested relief. The original reply was served in June of 1968. *296 In November of 1968, plaintiffs attempted without leave of the court to serve an amended reply which included the aforesaid affirmative defense. While such was rejected by defendant’s attorney, the attempt placed the defendant on notice as to the existence of such claim. Prejudice upon an application for leave to amend usually means that the delay in asserting the new matter, rather than the new matter itself, has affected the ability of the opposing party to cope with the new allegations. There has been no such showing here. Defendant says that the delay in bringing this motion was responsible, at least in part, for an •adjournment of the trial which otherwise would have been had at the March, 1970 Term. While this may be so, it was the bringing of the motion rather than the decision to be reached here which has so prejudiced the defendant. In any event, the court believes that the imposition of a bill of costs as a condition of the grant of the motion will redress the balance. (Ciunci v. Wella Corp., 23 A D 2d 754.)
The motion will be granted upon condition that, within 10 days from the date of service of notice of entry of the order hereon, the plaintiffs shall pay to the defendant a bill of costs to date.