Argued March 4, reversed and remanded April 1, 1975

MILLER ET UX, *Respondents, v.*
TRANSAMERICA TITLE INSURANCE
COMPANY, *Appellant.*

533 P2d 325

*Malcolm J. Corrigall,* Coos Bay, argued the cause for appellant. With him on the briefs were Orrin R. Ormsbee, and McNutt, Gant & Ormsbee, Coos Bay.

*Harry A. Slack,* of Slack & Slack, Coquille, argued the cause and filed a brief for respondents.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

## HOLMAN, J.

This is an action for damages by property owners upon a policy of title insurance issued to them by defendant. Defendant appeals from a judgment for plaintiffs in the sum of $20,000 entered pursuant to a jury verdict.

The property in question is devoted to use as a motel. Defendant neglected to include as an exception in its title policy an easement for a private roadway which purports to cover the north ten feet of plaintiffs' property. The easement was for the benefit of the property adjacent that owned by plaintiffs. Two of the motel buildings, each including several living units, intruded into the 10-foot strip which was subject to the easement. One of the buildings was parallel to the 10-foot strip but its eaves overhung the strip. The other building was at a slight angle to the strip covered by the easement and at one end its foundation was over the easement boundary about three feet. This intrusion gradually diminished until the foundation cleared the easement strip at a point a little more

than half the length of the building. However, the eaves of the entire length of this building overhung the property subject to the easement.

The judge instructed the jury that the title was unmarketable and that the only issue was the extent of plaintiffs' damages, if any. He also instructed the jury that the damages were the difference between the fair cash market value of the property without being encumbered by the easement and the fair cash market value of the same property while encumbered by the easement. These instructions are not assigned as error.

Plaintiffs' value witnesses testified that the building whose foundation intruded upon the easement strip would have to be torn down to conform with the easement and attributed more than $17,000 to such destruction out of a claimed total of $21,500 damages. This building had been standing in its present location since 1948 and was there when plaintiffs purchased the property in 1958. The building which had only its eaves overhanging the easement strip was constructed by plaintiffs in 1962. This action was commenced in 1974. Plaintiffs discovered the easement when they became interested in selling their property.

It was defendant's contention that the building would not have to be torn down because plaintiffs had destroyed by adverse possession the easement over that portion of the ten-foot strip upon which the buildings intruded. It is plaintiffs' contention that defendant's liability is delineated by the instrument of record and that no inquiry can be made into the present extent and validity of the easement because the title is unmarketable and defendant is liable upon its contract of insurance.

■ Much of defendant's brief is devoted to con-

tending that the trial court erred because it prevented value witnesses and an attorney from testifying that in their opinion adverse possession had taken place. The trial court did not err in this respect, since the existence of adverse possession is not a subject for expert testimony.

Defendant next contends the trial court erred when it refused to give requested instructions submitting the issue of adverse possession to the jury. The trial judge stated:

> "You may have your exception. Your instructions 5, 6 and 7, of course, were toward your theory that there was adverse possession here and, as the Court indicated right from the beginning, we were not going to try an equity suit here in adverse possession to this jury * * *."

The trial judge refused to submit the issue because the holder of the easement was not a party to the action and could not be bound by the outcome of the case. He also thought it would be improper to submit the issue of adverse possession to the jury since it is usually a matter for decision by the court.

■ There is no contention by plaintiffs nor finding by the trial court that the form of the adverse possession instructions was in any respect improper. It is our opinion that, in view of plaintiffs' testimony that the two buildings had been used continuously for motel purposes for more than ten years prior to the commencement of this action, there was sufficient evidence to raise the issue of adverse possession, provided it was a proper issue to be litigated in this case.

5 Couch on Insurance 2d § 57:177 states:

> "The insurer may always show that the adverse claim is invalid and that consequently the insured has not sustained any loss therefrom. Thus it may

show that a restriction in a former deed is invalid and cannot be enforced, a conclusion which means that the title to the insured's land is not made unmarketable by such restriction, and that there is no loss for which the insured can require indemnity." (Footnotes omitted.)

We believe it was not intended by this section that the insurance company would not be responsible for the cost of clearing the cloud from the title. In this case, whether the building must be destroyed is determined by whether the easement still covers the land upon which the building stands and this, in turn, is determined by whether plaintiffs' continuous use of the building for more than ten years destroyed the easement.

While in this case the issue of adverse possession could not be tried between plaintiffs and the owners of the dominant estate, the present issue of the extent of plaintiffs' damages cannot fairly be tried without a determination of the probable outcome of such litigation. It is as unfair that the case be tried, as it was, as if the easement was valid in its entirety as it would be unfair to try the case as if the easement had been extinguished. If the issue of adverse possession were being tried between plaintiffs and the owners of the dominant estate, it would be tried to the court; but in a case where the present extent and validity of the easement are relevant to the determination of plaintiffs' damages, it is proper to submit such issues to the jury. It is the only way the case could be determined with fairness to both sides.

It does not concern other courts that the beneficiary of the encumbrance is not a party to the action upon the policy of title insurance. In *Sattler v. Philadelphia Title Insurance Company,* 192 Pa Super 337,

162 A2d 22 (1960), two alleged encumbrances were not excepted from the title insurance policy. The court stated:

> "Appellant contends that the Company cannot assert the invalidity of the lien of the judgment, and of the lis pendens arising from the equity action, as a defense to avoid liability on the policy. He argues 'that a title insurance agreement is a guarantee that the title is good and marketable and that when this insurance agreement was written, at the moment that it is written, and there was a defect in the title which is not separated or excepted from the policy, the title agreement is breached.' His position is that the obligation of the insurance contract was not merely against valid liens, but against liens charging the property insured, and that the title would be clouded and unmarketable as the result of any lien against the same, whether the lien was valid or not. To accept this proposition would mean that the insured could recover on the policy merely by showing an unexcepted claim, whether or not the claim was meritorious, and whether or not the insured suffered any loss resulting therefrom." 162 A2d at 24.

The appellant in the above case took substantially the same position as the plaintiffs take in this case.

In *M.R.M. Realty Co. v. Title Guarantee & Trust Co.*, 270 NY 120, 200 NE 666 (1936), plaintiff's title was refused by a purchaser because a hundred years earlier plaintiff's predecessor as a grantee of the property from the City of New York agreed that if required to by the city he would build certain wharves, streets, and bulkheads and would maintain them upon pain of loss of title if he did not. During the intervening years the waterfront was filled in and moved a considerable distance away, and the city built intervening streets and railroad tracks. No demand was ever made by the city for performance, but when it was

requested to release the property from the agreement, it refused. The city was not a party to the litigation. Nevertheless, the court held that

> "* * * [u]nder such a state of facts, any rights which the city possessed with respect to the building and maintenance of streets, wharves, and bulkheads, have long since been waived and could not now be enforced. While the covenants and conditions of the grant appear on the record as incumbrances upon the title, they are not such defects as to justify rejection of the title as unmarketable. The objection based thereon is without substance and could not be sustained." 200 NE at 668-69.

We are not sure that we agree that the title was marketable, since it had a cloud upon it (depending upon one's definition of "marketability"), but the case stands for the proposition that the probable validity of encumbrances will be litigated absent the beneficiary of the encumbrance being a party, if justice so requires. Also see the opinion of the lower appellate court in the same case at 244 App Div 454, 280 NYS 22 (1935).

While neither party discusses the issue, the possibility has occurred to us that the owners of the dominant estate might have been joined under ORS 13.160.[①] However, we do not see how answering this problem will advance our present inquiry because if such joinder was available, it was equally available to either party. Plaintiffs' contention is that the issue of adverse possession could not be litigated fairly to them if the owners of the dominant estate are not parties

---

[①] ORS 13.160. "All persons having an interest in the subject of a suit, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided by statute. Any person may be made a defendant to a suit who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved."

and cannot be bound; and defendant's position is that damages cannot be fairly apportioned without an inquiry whether the easement is actually valid as to the portion of the strip occupied by the buildings. We can perceive no choice in deciding who should be prejudiced by failure to join the owners of the dominant estate. If joinder was available, either party could have alleviated the problem by requesting joinder but both chose to litigate without such a request.

■ Another issue which is not discussed by the parties but which is necessary to a determination of the case is whether defendant can litigate the issue of destruction of the easement by adverse possession when it has answered only with a general denial. We believe it can. It can introduce any evidence which tends to negate or diminish the existence of the easement or the claim of damages.[2]

The judgment of the trial court is reversed and the case is remanded for a new trial.

---

[2] See Mekulich v. Liddycoat, 268 Or 160, 519 P2d 378 (1974) holding that one alleging ownership of property did not have to allege that adverse possession was the basis of his title in order to prove such possession.