Henry T. Brooks et al., Appellants, v Marguerite Anderson et al., Respondents, et al., Defendants.

Second Department, August 31, 1981

### APPEARANCES OF COUNSEL

*Richard I. Cantor* for appellants.

*Richard I. Goldsand* for respondents.

### OPINION OF THE COURT

Weinstein, J.

RPAPL 501, which appears in the article devoted to adverse possession, reads as follows: "An entry upon real property is not sufficient or valid as a claim unless an action is commenced thereupon within one year after the making thereof and within ten years after the time when the right to make it descended or accrued." Admittedly, the meaning of this statute is not entirely clear. Accordingly, we

herewith set forth our views as to the proper interpretation of this section.

The dispute which gave rise to this litigation concerns title to certain real property in the Town of Dover in Dutchess County. The appellants, Henry and Anna Brooks, brought this action in 1980, for a determination of the validity of their claim to the subject parcel, pursuant to RPAPL article 15. Respondents Marguerite Anderson and Paul Clarke interposed an affirmative defense and counterclaim claiming adverse possession of the parcel, in that they possessed and occupied the land since 1967 (see CPLR 212, subd [a]). Appellants denied the elements of adverse possession, but, in addition, relying on the previously quoted RPAPL 501, they moved for summary judgment dismissing the affirmative defense and counterclaim alleging that the adverse possession claim was time barred. They asserted that, pursuant to the statute, "an action [must be] commenced * * * within one year after the making thereof". Thus, plaintiffs contend that the expiration of the 10-year period of possession upon which a claim to title by adverse possession must be based marks the commencement of the one-year statutory period. Therefore, they reasoned, since the claim to title by adverse possession ripened in 1977, and the counterclaim alleging such adverse possession was not brought until 1980, RPAPL 501 acts as a Statute of Limitations barring the affirmative defense and counterclaim.

Special Term denied the motion for summary judgment dismissing the counterclaim and affirmative defense, holding that section 501 does not constitute a bar to the respondents' claim. We affirm that order, and in so doing, we will explicate the meaning of section 501 and show why it does not apply to the proceeding before the court.

We begin by noting that "[t]he theory upon which adverse possession rests is that the adverse possessor may acquire title at such time as an action in ejectment by the record owner would be barred by the Statute of Limitations." *(Reiter v Landon Homes*, 31 AD2d 538, 539; see, also, *Deering v Riley*, 38 App Div 164, affd 167 NY 184.) The Statute of Limitations in question is 10 years (see CPLR 212, subd [a]); it follows that title through ad-

verse possession of a parcel of real property is acquired by possession of that parcel, as possession is defined in RPAPL article 5, for a period of 10 years.

We turn now to RPAPL 501. It speaks of an "entry" by some unspecified entity upon real property, and states that in order for this entry to be "sufficient or valid as a claim", an action must be commenced thereupon both "within one year after the making thereof" and "within ten years after the time when the right to make it descended or accrued." Neither the identity of the entity making the entry, nor the kind of claim for which it obviously serves as a predicate, is set forth. Does the statute refer to an entry by an adverse possessor upon property and his claim for fee simple title based upon his adverse possession? Or does it refer to an entry by the record owner upon his own property in an effort to eject the adverse possessor therefrom?

Appellants would have us adopt the former interpretation, that is, that the entry in question is by the adverse possessor. But even assuming for the moment that such were indeed the case, we still cannot agree that the statute says what appellants say it does. They claim that the statute requires that an action to convert title by adverse possession into record ownership must be brought within one year of the ripening of adverse possession into title or, in other words, some time between 10 and 11 years of the commencement of adverse possession. But if so, the additional qualification that the action be commenced "within ten years after the time when the right to make it descended or accrued" is meaningless. Rather, if the entry in question were by the adverse possessor, we feel that the statute would mean the following: that an entry upon property (after at least nine years of adverse possession) must lead to an action for fee simple title within one year of the entry (and after 10 years of adverse possession), but in no case may the action be brought more than 10 years after the right to bring it accrued (i.e., more than 20 years after the commencement of adverse possession).

Such would be our interpretation of the statute if the entry referred to were by the adverse possessor. We do not adopt that interpretation of the statute, because we hold that the entry contemplated by the statute is by the record

owner, and the action to be commenced thereupon is one in ejectment.

This holding is based on several considerations. First, the term "entry", at least in the context of adverse possession, seems to be a term of art denoting an occupation of land by the record owner with the intention of ousting the adverse possessor from his property (see *Bonebrake v Flourney*, 133 Okla 101; *Riley v People*, 29 Ill App 139; 2 CJS, Adverse Possession, § 171; 3 Am Jur 2d, Adverse Possession, §§ 89-90). In fact, this court stated, in *City of New York v Coney Island Fire Dept.* (259 App Div 286, 289, affd 285 NY 535) that "[t]he statutory equivalent of entry is the action of ejectment." In light of this, we do not find persuasive the use of the word "entered" in RPAPL 511, where the context clearly indicates that the reference is to an act by the adverse possessor.

Another basis for our definition of the word "entry" in RPAPL 501 is statutory history. The predecessor statute of RPAPL 501 was section 36 of the Civil Practice Act. As originally enacted, section 36 was identical to the present RPAPL 501, except that in place of the 10-year time period mentioned in the last clause, a period of 20 years was provided. The Statute of Limitations for an action for ejectment under the original Civil Practice Act, as set forth in section 34 thereof, was also 20 years. Then, by chapters 263 and 264 of the Laws of 1932, both periods were simultaneously lowered to 15 years. Thus they remained until the simultaneous taking effect of the CPLR and RPAPL in 1963 lowered the Statute of Limitations for an action in ejectment to 10 years (CPLR 212, subd [a]) and lowered the time set forth in the adverse possession statute accordingly. We do not attribute to mere coincidence the fact that the Statute of Limitations for an action for ejectment has always been the same as the period mentioned in the latter part of RPAPL 501 and its predecessors. We read the last clause of RPAPL 501 as a reiteration of the Statute of Limitations for an action for ejectment. And this reading is possible only if the entity making the entry is the same as could bring an ejectment action, namely, the record owner.

Finally, we note the interpretation of the statute urged

by appellants is not consistent with prior case law. Appellants would have us read the statute to prevent an adverse possessor from converting his possession to record title more than one year after he acquired the right to do so; that is, more than 11 years (or 21 years, under the old statute) after his possession began. But in *Wildove v Papa* (223 App Div 211), decided while the old statute was in effect, an adverse possessor who conformed a deed to reflect his ownership of the property he occupied for at least 50 years after his predecessor began occupying it was held to have good title. And in *M. R. M. Realty Co. v Title Guar. & Trust Co.* (244 App Div 454, affd 270 NY 120), a lapse of more than 100 years between the beginning of the adverse possession and the bringing of the action did not forestall the extinguishing of the rights of the prior grantee.

We are aware of only one reported decision actually applying the statute in the way we deem to be correct. In *De Forrest v Bunnie* (201 Misc 7, 12), the defendant erected a wooden fence down the length of a driveway which he had previously shared with plaintiff, an adjoining landowner. The plaintiff removed the fence, and within a year, brought an action for an injunction. The court read section 36 of the Civil Practice Act as we read RPAPL 501, and held that the action was timely because it was brought within one year of the "entry" of the plaintiff onto the formerly commonly used driveway in an effort to regain his former property rights.

We conclude, then, that RPAPL 501 has reference to the general requirement that adverse possession be, among other things, continuous (see *Belotti v Bickhardt*, 228 NY 296; *Battista v Pine Is. Park Assn.*, 28 AD2d 714), and that such continuity may be broken by an entry of the record owner onto the land in accordance with the statute. We interpret the statute, as follows: an entry by the record owner of real property upon his property, for the purpose of breaking the continuity of adverse possession, is not sufficient or valid as a predicate for an action for ejectment unless the action is commenced within one year of the entry, and within 10 years of the commencement of the adverse possession.

The latter part of this statute, then, merely restates

the Statute of Limitations found in CPLR 212 (subd [a]). The remainder of the statute sets forth a rule of law not found elsewhere in the statute books. But no part of this statute has any bearing on the respondents' counterclaim for adverse possession. Consequently, Special Term was correct when it ruled that RPAPL 501 does not bar respondents' claim. Accordingly, the order of Special Term is affirmed.

MOLLEN, P. J., HOPKINS and TITONE, JJ., concur.

Order of the Supreme Court, Dutchess County, dated January 22, 1981, affirmed, with $50 costs and disbursements.