(76 App. Div. 137.)

## STOLTS v. TUSKA et al.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. LEASE—EASEMENT—INDEFINITENESS.

The grant, in a lease of certain premises, of a right of access to some point of water front and dock for the purpose of receiving materials to be used in the business of the tenant and of shipping its manufactures, refers to the lessor's dock, separated from the leased premises only by his private driveway, he owning no other water front, and is not void for indefiniteness, though the right of way is not described or definitely located.

2. SAME—SEPARATE GRANTS OF LAND SUBJECT TO EASEMENT.

Where T. leased land to plaintiff with a right of way to a dock, the right of way not being definitely located, and the right to use the dock for receiving materials for plaintiff's business on the leased premises and for shipping its manufactures, and T. then leased the southern half of the dock and the land between it and plaintiff's premises to J., and afterwards leased to W. the northern half of the dock and the land between it and plaintiff's premises, plaintiff must take his right of way over W.'s land, and confine his use of the dock to the part leased W., if it is sufficient.

3. RECORD OF LEASE—NOTICE.

Record of a lease of land, with a right of access to some point of water front and dock for the purpose of receiving material and shipping manufactures to and from the leased premises, is constructive notice of the easement to one taking a lease of the dock.

Appeal from special term, New York county.

Action by Julius W. Stolts, president of J. & J. W. Stolts, an association, against Morris Tuska and others. From an order deny-

---

¶ 3. See Easements, vol. 17, Cent. Dig. § 60.

ing plaintiff's motion for a temporary injunction against defendants, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.

Charles M. Demond, for appellant.
Benjamin Tuska, for respondent Tuska.
Frederick Hulse, for respondent Jackson.
Frank M. Tichenor, for respondent Wright.

LAUGHLIN, J. On the 28th day of January, 1902, the defendant Tuska, then being the owner of premises bounded by 106th street, the East river, 105th street, and a line parallel with First avenue, and 363 feet distant easterly therefrom, leased the westerly 200 feet thereof to the plaintiff for a period of 20 years from the 1st day of January, 1902. Immediately east of the premises thus leased a private driveway extended from 105th to 106th streets. A dock owned by the landlord extended from 105th to 106th streets along the water front. Fences extended along the northerly line of 105th street, along the southerly line of 106th street, from the private driveway across the dock to the bulkhead. The property was leased to the plaintiff as a plant for manufacturing caskets and undertakers' supplies. In the lease, immediately following the description of the premises and separated therefrom by a colon, is the following clause:

"Together with the right to use a certain driveway, to the east of the property hereinabove leased, and with a right of access to some point of water front and dock for the purpose of receiving materials to be used in the business of the tenant, and of shipping its manufactures; provided, however, the tenant shall at no time encumber or obstruct said ways or any part of said water front and dock, and will expeditiously ship or remove all merchandise brought to said water front."

On the 4th day of June, 1902, the defendant Tuska entered into an agreement with the defendant Jackson, whereby he agreed to lease to Jackson the southerly half of his premises, lying between the driveway and the East river, and a lease thereof, pursuant to said agreement for 19½ years, was executed on the 12th day of June, 1902. The premises to the north of those thus leased to Jackson, extending to 106th street, were leased by the defendant Tuska to the defendant Wright, on the 1st day of July, 1902. Between the date of the lease to the plaintiff and the time Jackson and Wright became the lessees, it appears, without controversy, that the plaintiff, his agents and servants, passed back and forth across the premises intervening between those leased to him and the dock, and used the dock so far as his said business required. There is a sharp conflict between the parties as to the manner in which this right was exercised. It is contended by the plaintiff there was a practical location of the right of way; that he and his landlord had an understanding shortly after the execution of his lease by which he was to have a passageway about 12 feet in width, extending from the private driveway easterly along a line midway between 105th and 106th streets, to near the dock, and then extending northeasterly, intersecting the bulkhead near 106th street; and that he exercised a right of way over this strip of land for about

three months prior to the execution of the lease to the defendant Wright. This is controverted by the defendants, and we shall determine the appeal upon other grounds.

Since the execution of the leases to the defendants Jackson and Wright, they have each obstructed the plaintiff's access to the dock across the premises leased by them, respectively, have denied his right to such access, and the defendant Wright has obstructed his use of the dock, and each of the defendant lessees has claimed an exclusive right to the use of that part of the dock covered by their respective leases. After the alleged practical location of the right of way between plaintiff and his landlord, it would seem that he only made use of the northerly end of the dock, and that, if unobstructed, this was ample for his requirements.

The defendant Tuska is the successor in title to a grant from the owner of the upland of the right to the water front, and also to a grant from the city of the wharfage rights and privileges from the middle of 105th street to the middle of 106th street. The city, however, reserved the right to appropriate for public uses that part of the wharf or dock which its grantee covenanted to build at the foot of each of these streets. Under this reserved authority, the city, prior to the execution of the lease to the plaintiff, appropriated the foot of each of these streets for a public dock or wharf.

It is claimed that the plaintiff obtained no right of way and no right to the use of this dock under his lease. It appears that the defendant Tuska at the time owned no other water front. We think it clear that the clause quoted from the lease refers to the dock from which the plaintiff has been excluded. It is equally clear that the landlord covenanted to afford access to the dock over his premises. This grant of an easement, although the right of way is not described or definitely located, is not void for indefiniteness. Crocker v. Crocker, 5 Hun, 587. If reasonable access can be had over 106th street by removing the fence, that may answer the requirements of the lease. As between the plaintiff and his landlord, he had the absolute right to the use of so much of that dock as might be necessary for the purposes and within the limitations prescribed in the lease, and he also had the absolute right to reasonable access to the same over the premises of his landlord.

The defendant Jackson was aware of the terms of the lease to the plaintiff at the time he took a lease from defendant Tuska; but he contends that, inasmuch as no definite right of way was specified in the lease, any right of way which would afford the plaintiff reasonable access to the dock would be a fulfillment of the covenant, and that, since such access could be had over the remaining premises to the north, he should not be burdened with such easement. So far as the right of way is concerned, we think this contention must be sustained; but, if that part of the dock which was leased to defendant Wright should prove inadequate for the requirements of the business conducted by the plaintiff, he is also entitled to use of the dock leased to the defendant Jackson so far as necessary.

The defendant Wright does not appear to have had actual notice of the plaintiff's rights. The lease to the plaintiff, however, was duly

recorded on the 29th day of January, 1902. In effect, Tuska granted to the plaintiff an easement in the premises owned by him and lying easterly of the private driveway. Under the recording acts, this lease is constructive notice to Wright, who acquired his rights subsequently thereto.

If the fulfillment of the covenant contained in the lease to the plaintiff requires that he have a right of way over the adjoining premises, applying the rule of inverse order of alienation applicable to the sale of premises under mortgages on real estate, which we deem applicable by analogy, the burden of that easement should, under the circumstances, fall upon the defendant Wright. Whether the fulfillment of this grant requires such right of way cannot be determined from the evidence in this record, and it must be left to be determined on the trial of the issues.

The rights of the appellant to the use of this dock and reasonable access thereto are plain, and depend upon uncontradicted facts; but he has not made it appear satisfactorily that reasonable access to the dock will not be afforded by the removal of the fence at the northerly end of the dock, along the line of 106th street. The order must therefore be reversed, with $10 costs and disbursements, and the motion should be granted, with $10 costs, to the extent of enjoining the defendants, and each of them, from in any manner obstructing, by fences or otherwise, access to the dock by the plaintiff, his agents and employés, from 106th street, for the purpose of receiving materials to be used in the business of plaintiff and of shipping his manufactures, and from in any manner obstructing the plaintiff's use of the dock along the water front extending from the southerly line of 106th street as far as necessary for such purposes, and from obstructing the plaintiff from having access to and from said dock from the water by boats, barges, or otherwise for said purposes, until the further order of the court. All concur.