LENT & GRAFF COMPANY, Respondent, *v.* LOUIS SATENSTEIN, Individually and Trading under the Firm Name and Style of AMERICAN BOOK BINDERY, Appellant, Impleaded with PRINTERION REALTY CORPORATION, Defendant.

First Department, July 2, 1924.

**Landlord and tenant — action by one tenant of building to restrain another from putting sign on outside of building at floor occupied by plaintiff — lease to defendant tenant, executed and recorded before lease to plaintiff, granted permission to place signs — plaintiff's lease denies right to put signs on building without written consent of landlord — recording defendant tenant's lease was notice to plaintiff — defendant tenant will not be enjoined.**

A tenant who holds a lease of five floors of a building, executed and recorded in 1914, which gave him permission to place a sign on the outside of the building at the eleventh floor, will not be restrained from doing so in an action by a tenant of that floor whose lease was executed in 1920, since the recording of the first tenant's lease operated as notice to subsequent tenants of the right to place signs on the building at the point in question and, furthermore, the provision in the lease of the eleventh floor prohibited that tenant from placing a sign on the outside of the building without the written consent of the landlord.

APPEAL by the defendant, Louis Satenstein, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of January, 1924, upon the decision of the court rendered after a trial at the New York Special Term restraining said defendant from maintaining advertising signs upon the outer walls of the premises 406-426 West Thirty-first street, New York city, directly adjacent to the eleventh floor.

*House, Grossman & Vorhaus* [*Joseph Fischer* of counsel; *Frederick Hemley* with him on the brief], for the appellant.

*Larkin, Rathbone & Perry* [*Thomas F. Dougherty* of counsel], for the respondent.

Martin, J.:

Defendant Satenstein seeks to place or paint a sign on a portion of the outer wall of the building known as Nos. 406–426 West Thirty-first street in the borough of Manhattan, city of New York.

The plaintiff under a lease dated December 11, 1920, occupies the entire eleventh floor of the building. The defendant Satenstein occupies the first five floors in the same building under a lease dated May 28, 1914. Satenstein's lease was recorded on the 16th day of July, 1914, in the register's office in the county of New York. It contains the following clause: " The party of the second part and his sub-tenants shall have the privilege of placing and keeping appropriate signs at the entrance of the said building of similar kind as that used by the other tenants, and shall have the privilege of placing a sign of appropriate character advertising his said business and that of those holding under him, on the east and· west walls of the said building; but total sign space occupied by all tenants in said building shall be limited to the upper eighty (80) feet of the side walls, but shall extend the entire width thereof; the party of the second part shall be entitled to the exclusive use of the lower one-third of the entire space on the side walls set aside for sign purposes."

When the floor of a building is leased, the outer wall as well as the inner wall is included, if not reserved, and no one may place signs on the outer wall of such floor to the exclusion of the lessee unless there are contractual provisions to the contrary. (*Baldwin* v. *Morgan*, 43 Hun, 355; *Riddle* v. *Littlefield*, 53 N. H. 503; *Lowell* v. *Strahan*, 145 Mass. 1.)

In the present case, however, the lease made to the defendant in May, 1914, six years before the lease made to the plaintiff, purported to give to defendant the right to place signs in front of the floor subsequently leased by the plaintiff. The lease gives the tenants the right to cover the upper eighty feet of the building with signs, and gives the defendant Satenstein the right to place signs on the lower one-third of the eighty feet.

According to the " eighth " finding of fact, a sign such as is permitted by the lease of the defendant would cover the space across the whole width of the building from the tenth floor up to and including the twelfth floor.

The question here at issue is whether the lease with the privilege

of placing signs on the building in front of the eleventh floor, duly recorded, was notice to the plaintiff, who afterwards rented the eleventh floor. In renting that floor plaintiff appears to have leased it without the privilege of placing signs on the outside thereof and subject to the right of the defendant to place signs thereon. The lease to the plaintiff contained a very significant clause, one which evidently was placed therein because of the clause contained in the lease to the defendant. That clause is as follows:

" *Sixteenth.* The tenant shall neither place, allow nor cause to be placed any sign or signs of any nature or kind whatsoever, in or about the entrance to the said building or on said building except in, at or upon such place or places as may be indicated by the landlord and consented to in writing."

In the case of *Stahl & Jaeger* v. *Satenstein* (233 N. Y. 196), where the defendant was restrained from placing a sign in front of the thirteenth and the fourteenth floors of this building, the court said: " The point is made that the plaintiff is chargeable with notice of the defendant's lease, which was recorded. The only right thereby secured was to place signs on the lower third of the upper eighty feet of the side walls of the building. This third does not include the space in question."

It seems fair to assume, therefore, that had this sign been placed within that lower one-third the court would have denied the injunction.

In the case of *Tarbell* v. *West* (86 N. Y. 280, 288) the court said: " The Recording Acts, however, do not declare what effect shall be given to the recording of conveyances, upon the point of notice. They declare that unless recorded, they shall be void as against subsequent purchasers in good faith, and for value, whose conveyances shall be first recorded. But the courts, by construction, make the record of a conveyance, notice to subsequent purchasers; but this doctrine is subject to the limitation, that it is notice only, to those claiming under the same grantor, or through one who is the common source of title."

In *Stolts* v. *Tuska* (76 App. Div. 137, 141) the court said: " The defendant Wright does not appear to have had actual notice of the plaintiff's rights. The lease to the plaintiff, however, was duly recorded on the 29th day of January, 1902. In effect, Tuska granted to the plaintiff an easement in the premises owned by him and lying easterly of the private driveway. Under the Recording Act (Laws of 1896, chap. 547, §§ 240, 241) this lease is constructive notice to Wright, who acquired his rights subsequently thereto." (See, also, *Holt* v. *Fleischman,* 75 App. Div. 593; *Mott* v. *Oppenheimer,* 135 N. Y. 312; Real Prop. Law of 1909, §§ 290, 291.)

When one hires the lower five floors of a building with the privilege of placing upon the sides of the building a sign twenty-six and one-third feet by sixty feet, to begin eighty feet from the top of the building and to continue up the sides thereof for twenty-six and one-third feet, or, in other words, to cover the bottom one-third of the eighty feet of the outside, measuring from the top downward, and the lease giving that privilege is recorded, those who thereafter hire floors in that building, the outer wall of which has been leased for sign purposes, take their leases subject to the rights of the party so recording his lease. This to my mind is especially true when there is a clause in the lease providing that the party hiring those floors has no right to place a sign on the outside thereof.

The respondent appears to rely upon *Stahl & Jaeger* v. *Satenstein* and *Baldwin* v. *Morgan* (*supra*). Both of these cases hold: " A lease of an ' entire floor ' must carry with it the appurtenant right to exclude signs, advertising the business of persons other than the tenant, from those parts of the walls which form the inclosure of the floor. Some cases hold that the outer face of the wall is equally with the inner face a part of the premises demised." That is not so when there are contractual provisions to the contrary.

In *Lowell* v. *Strahan* (*supra*, 7) the court said: " We think that the outside of the front wall was part of the premises demised in the lease of the first floor in the building. If the language had been used in a conveyance in fee simple, no question could have been made that the walls of the building were included. Undoubtedly, the owner of a building might, in conveying the lower and upper portions of it to different grantees, except the outside of the walls, as he might do in conveying the whole building to one grantee. In every case, it is a question of intention, found in the language used, as applied to the subject-matter, and construed in connection with the whole instrument."

If the parties enter into contracts fixing their respective rights to the outer walls of a building, they must be governed thereby and may not thereafter avoid their contractual obligations.

The judgment should be reversed, with costs, and judgment rendered for the defendant dismissing the complaint, with costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment reversed, with costs, and judgment directed for the defendant dismissing the complaint, with costs. Settle order on notice.