JOHN F. FINN, JR., Appellant, v. MORGAN ISLAND ESTATES, INC., et al., Respondents.— In August, 1944, defendant Morgan Island Estates, Inc. (hereinafter called the Developer), acquired title to property at East Island, Glen Cove, Nassau County, which it thereafter subdivided into 139 plots, subject to a uniform plan of restrictions. At the insistence of plaintiff, who had acquired title to plot 26 subject to the restrictions, said defendant executed on August 30, 1946, a document restricting present and future buildings on plot 78 to use as a one-family dwelling. On August 23, 1952, an agreement was signed by plaintiff, both defendants, and a number of other property owners, amending the restriction with respect to plot 78 contained in the document of August 30, 1946, to permit defendant Sisters of St. John the Baptist, Inc. (hereinafter called defendant Sisters), which was then negotiating to purchase plot 78, to use the existing buildings on plot 78 for certain enumerated purposes. After defendant Sisters acquired title to plot 78, it commenced the construction of a new chapel thereon. On October 30, 1952, defendant Sisters acquired title to plots 135, 136, 137 and 139 from the Developer, but induced the latter to delete

therefrom four restrictive covenants and to alter a fifth, all of which were part of the uniform plan of restrictions. The complaint in this action contains five causes of action: (1) Against the Developer for damages for deleting the restrictive covenants from the deed of October 30, 1952, to defendant Sisters to plots 135, 136, 137 and 139, which was dismissed by Special Term because the deletion of the restrictions was of no effect in view of the existence of a common plan of restrictions, of which plan defendant Sisters had knowledge; (2) against the Developer for damages for executing a quitclaim deed to defendant Sisters as to plot 78 on September 15, 1952, without the restrictions mentioned in the uniform plan, which was dismissed by Special Term because there was no proof of damage and because the restrictions in the uniform plan did not apply to plot 78; (3) against the Developer for an injunction to restrain it from conveying any of the plots to which it still has title free of the restrictions, which was dismissed by Special Term because there was no proof that the Developer intended in the future to convey any parcels without restrictions; (4) against defendant Sisters to declare plots 135, 136, 137 and 139, subject to the restrictions, as to which cause of action Special Term granted plaintiff relief to the extent of declaring the property subject to two of the restrictions deleted, and (5) against defendant Sisters for an injunction to restrain that defendant from completing the chapel then under construction, and to direct its demolition and removal, which was dismissed by Special Term because the construction of a new chapel was permitted by the agreement of August 23, 1952, and because plaintiff was guilty of *laches* in waiting five months to commence this action. Judgment modified on the law (1) by inserting in the fourth decretal paragraph dismissing the fifth cause of action after the word " complaint ", the words " insofar as equitable relief is demanded, and remitting the matter to Special Term for the ascertainment of damages "; and (2) by striking from the fifth decretal paragraph everything which follows the word " Action " and by substituting therefor a provision that plaintiff be granted judgment declaring that plots 135, 136, 137 and 139 are subject not only to restrictions " (b) " and " (c) ", but also to restrictions " (h) ", " (j) " and " (k) " of the uniform plan. As so modified, judgment affirmed, without costs. The findings of fact are affirmed. In our opinion, the agreement of August 23, 1952, was not a waiver or release of the restrictions contained in the document executed August 30, 1946, which limited any new construction on plot 78 to a one-family dwelling. Therefore, the construction of the new chapel by defendant Sisters was a violation of the restrictive covenant contained therein. However, equitable relief should be denied to plaintiff in view of the fact that the construction of the chapel was about 70% completed at the time of the commencement of this action. (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *University Gardens Property Owners Assn.* v. *Schultz*, 272 App. Div. 949.) Nevertheless, in the absence of equitable relief, plaintiff is entitled to any legal damage he may be able to prove by reason of the violation of the restrictive covenant. We are also of the opinion that, in view of the fact that all of the restrictions in the uniform plan were effective with respect to plots 135, 136, 137 and 139, despite the deletion from the deed to defendant Sisters of four of the covenants and the alteration of a fifth, the property should be declared subject to all five of the covenants in question. Adel, Schmidt and Beldock, JJ., concur. Nolan, P. J., concurs, except with respect to the modification of the judgment insofar as such modification provides for the dismissal of the fifth cause of action " insofar as equitable relief is demanded, and remitting the matter to Special Term for the ascertainment of

damages ", and as to such cause of action, votes to affirm the judgment. Mac-Crate, J., concurs, except with respect to the modification of the judgment insofar as such modification provides for a declaration that plots 135, 136, 137 and 139 are also subject to the restrictions " (h) " and " (j) " of the uniform plan, and votes to affirm the judgment insofar as it provides that said plots are free of said two restrictions, on the ground that said restrictions are confined to the Developer and consequently are enforcible only by it. [See 284 App. Div. 850.]