■ GENEVIEVE COLLINS, Appellant, v STEVEN ARANCIO et al., Respondents.—In an action to enjoin defendants, their agents, etc., "from interfering with and obstructing plaintiff's right of way and access to, in and over her property", plaintiff appeals from a judgment of the Supreme Court, Kings County, dated July 10, 1978, which, after a nonjury trial, dismissed the complaint. Judgment reversed, on the law and the facts, with costs, and plaintiff is granted judgment enjoining the defendants, their agents, etc., from parking in the driveway. Plaintiff and defendants are next door neighbors. Between their properties lies a driveway measuring eight feet in width and running to garages behind each house. Each party's deed grants to the other an easement over three and one-half feet of the party's property on the side facing the other's house. Each grant states that the easement is "for the purpose of ingress and egress for pleasure automobiles to and from a garage in the rear" in favor of the adjoining landowner. At trial, defendants admitted that they had been parking their car in the driveway "when necessary" since they bought the property in 1973. The easement grant clearly contemplates that the driveway be used not as a parking area but as a conduit to and from the garages behind each house. This language is controlling (see *Wells v Tolman,* 156 NY 636) and the

plaintiff is entitled to an injunction restraining the defendants from parking in the driveway. We also find that plaintiff did not materially interfere with defendants' use of the driveway. Therefore, her right to relief is not barred by the equitable defense of unclean hands. Nor is plaintiff guilty of laches. O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.