487 ELMWOOD, INC., Appellant, v WILLIAM D. HASSETT, JR., et al., Defendants, and McDONALD'S CORPORATION et al., Respondents.

Fourth Department, December 11, 1981

**APPEARANCES OF COUNSEL**

*Magavern, Magavern, Lowe, Beilewech, Dopkins & Fadale (Michael Beilewech* of counsel), for appellant.

*Falk, Seimer, Glick, Tuppen & Maloney (Edwin H. Wolf,* of counsel), for respondents.

**OPINION OF THE COURT**

SCHNEPP, J.

Plaintiff appeals from an order granting summary judgment and dismissing its action for injunctive relief and damages against McDonald's Corporation, McDonald's of Kensington Ltd. (McDonald's) and Franchise Realty Inter-

state Corp. (Franchise) which stems from the erection of a McDonald's restaurant in an area of a Buffalo shopping plaza reserved for automobile parking. Plaintiff's sublease agreement of a large store in the plaza included the right to use this area for the "automotive vehicles of its customers and/or employees" with the plaza's other tenants for which plaintiff, because it was a major tenant, agreed to pay 90% of the parking area's maintenance and other expenses. Thereafter, Franchise leased a portion of this parking area from the defendant owners of the plaza on which McDonald's erected and now operates a restaurant. Plaintiff's claim is grounded on its allegations that the defendants have wrongfully entered upon the premises and constructed a building, claimed the right to possession of the area to the exclusion of plaintiff's rights, interfered with plaintiff's use and occupancy of the parcel, and evicted plaintiff from a part of the premises sublet to it.

McDonald's and Franchise contend that their lease warrants that the premises are free and clear of tenancies and that the presence of plaintiff as a tenant in the plaza under an unrecorded lease did not constitute sufficient notice to alert them of any adverse claim of possession or occupancy. In their moving papers on this motion they state that plaintiff had full knowledge of the restaurant proposal prior to its construction which was commenced in March, 1979 and completed on September 12, 1979; that prior to the commencement of the action in August, 1979 plaintiff did not object to the construction of the restaurant or claim any interest in the premises on which the restaurant was built; and, that plaintiff is guilty of laches which bars it from seeking relief. In its responding affidavit plaintiff submitted a map of the plaza which indicates that the moving defendants leased an area containing 53,000 square feet, about two thirds of the entire parking area, and contended that it did object to the "trespass and sued the defendants in August, 1979 for redress".

Special Term held that since plaintiff did not record its sublease, the moving defendants could not be charged with notice of its terms. Additionally, in granting summary judgment, Special Term found that there was no evidence to controvert defendant's claim that they were not put on

notice of plaintiff's rights and did not lease the property subject to those rights, implicitly holding that absent proof of actual notice the cause of action against defendants must be dismissed. We disagree. The issue here is whether these defendants had sufficient information to put them on inquiry as to plaintiff's interest in the property.

By the terms of its lease plaintiff acquired an easement for the use of the parking area which was appurtenant to its leasehold (see, generally, *Doyle v Lord,* 64 NY 432; *Rainbow Shop Patchogue Corp. v Roosevelt Nassau Operating Corp.,* 34 AD2d 667; Ann., 56 ALR3d 596; see, also, *Great Atlantic & Pacific Tea Co. v La Salle Nat. Bank,* 77 Ill App 3d 478; *Walgreen Co. v American Nat. Bank & Trust Co. of Chicago,* 4 Ill App 3d 549; *The Fair v Evergreen Park Shopping Plaza of Del.,* 4 Ill App 2d 454). Since an easement is a property interest which equity can protect by injunction (see *Collins v Arancio,* 72 AD2d 759; *Feuer v Brenning,* 279 App Div 1033, affd 304 NY 881; *Stolts v Tuska,* 76 App Div 137; *O'Hara v Wallace,* 83 Misc 2d 383, mod on other grounds 52 AD2d 622; *De Forrest v Bunnie,* 201 Misc 7, affd 280 App Div 1035), plaintiff has a cause of action in equity to enjoin any interference with its use of the parking area (see *Food Fair Stores v Jackson Hgts. Shopping Center,* 55 Misc 2d 205, affd 28 AD2d 1207; *Great Atlantic & Pacific Tea Co. v La Salle Nat. Bank,* 77 Ill App 3d 478, *supra; Walgreen Co. v American Nat. Bank & Trust Co. of Chicago,* 4 Ill App 3d 549, *supra).* In *Food Fair Stores* (55 Misc 2d 205, *supra),* for example, it was held that a shopping center tenant was entitled to a permanent injunction prohibiting the owner from constructing a building in the parking area in violation of the tenant's right to use the area. The same result occurred in *Walgreen* (4 Ill App 3d 549, *supra)* where a kiosk was constructed in a parking area which had been reserved for the common use of the tenants.

Plaintiff's sublease was subject to the recording act because it exceeded three years in duration (Real Property Law, §§ 290, 291), and had it been recorded, defendants would be on constructive notice of its terms and liable for its breach (see *Stolts v Tuska,* 76 App Div 137, *supra* [lessee held liable for interference with an easement which

had been created by a lease recorded by a previous lessee]; see, also, *Lent & Graff Co. v Satenstein,* 210 App Div 251). In the absence of recording, however, defendants would be subjected to liability if they had actual notice of plaintiff's claim of right (see *Williamson v Brown,* 15 NY 354). In *Walgreen* (4 Ill App 3d 549, *supra)* the court imposed liability where the proof established that the lessee had actual notice of plaintiff's rights before beginning construction (see, also, *The Fair v Evergreen Park Shopping Plaza of Del.,* 4 Ill App 2d 454, *supra).*

Merely because, as Special Term found, plaintiff's sublease was not recorded and defendants' disclaimer of actual notice went unrebutted does not mean that a triable issue of fact does not exist. In New York, "where a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a *bona fide* purchaser." *(Williamson v Brown,* 15 NY 354, 362, *supra;* see, generally, *Reed v Gannon,* 50 NY 345; 2 Pomeroy, Equity Jurisprudence [3d ed], § 614.) In *Covey v Niagara, Lockport & Ontario Power Co.* (286 App Div 341, 344), a case involving an unrecorded easement to maintain an electric line on property, we stated that "[a] person either has knowledge of it [easement] or he does not. If these plaintiffs are to be charged with constructive notice of the rights of the defendant, it must be shown that they possessed, as a fact, knowledge of the existence of the line. Whether they had such knowledge was a question of fact for the jury. If it had been shown that as they came to the house, the poles and wires were in plain and open view for all to see, a jury might well doubt testimony that the plaintiffs did not see them." In *Pallone v New York Tel. Co.* (34 AD2d 1091, affd 30 NY2d 865) we said that where telephone poles are in plain view when property is acquired "a purchaser is placed on constructive notice of the possible existence of prior rights." The same rule should be applied to this case. If these defendants had knowledge of any fact sufficient to put them on inquiry as to the existence of plaintiff's

easement, a cause of action exists against them for interference with plaintiff's right to use the parking area.

There is a claim that defendants examined the premises before entering into the lease and by reason thereof knew of the existence of plaintiff's rights in the property. McDonald's restaurant, after all, occupied nearly two thirds of the paved parking area reserved for the common use of plaintiff and the tenants of the other stores in the plaza. Plaintiff was in occupancy of the major structure adjacent to the parking area. A visual examination of the site would have disclosed the proximity of the structure occupied by plaintiff to the parking area and plaintiff's probable interest in the use of this area for the parking of vehicles of its customers and others. Therefore, it flies in the face of reality to suggest that the record does not permit the inference that defendants were aware that their project was constructed on an improved parking area designed for the use of the shopping center tenants. There is evidence from which a trier of fact could conclude that defendants had knowledge of facts sufficient to put them on inquiry of plaintiff's rights. Since "[k]nowledge or lack of it is for the jury to determine upon the evidence" *(Covey v Niagara, Lockport & Ontario Power Co.,* 286 App Div 341, 345, *supra),* at least an arguable issue of fact exists on this record and summary judgment should not have been granted (Siegel, New York Practice, § 278).

Even if plaintiff is entitled to some relief, however, it does not necessarily follow that it is entitled to the injunctive relief which it seeks. An injunction is an extraordinary remedy. "Even where the facts which would justify the grant of an extraordinary remedy are established, the court must still decide whether, in the exercise of a sound discretion, it should grant the remedy, and if granted, the terms and conditions which should be annexed to it. *(Matter of Durr v Paragon Trading Corp.,* 270 N.Y. 464.)" *(Lexington & Fortieth Corp. v Callaghan,* 281 NY 526, 531.) "An injunction will be withheld as oppressive when it appears that the injury is not serious or substantial and that to restrain the acts complained of would subject the other party to great inconvenience and loss." *(Forstmann v Joray Holding Co.,* 244 NY 22, 29-30.)

There are certainly circumstances alleged in the moving papers which militate against the granting of an injunction in this case. If the allegation is established at trial that plaintiff did nothing to vindicate its rights until the construction of the restaurant was nearly 95% completed, equitable relief may properly be denied (see *Finn v Morgan Is. Estates,* 283 App Div 1105; *University Gardens Prop. Owners Assn. v Schultz,* 272 App Div 949). Whether plaintiff is entitled to an injunction, therefore, must await the finding upon the trial. Even if an injunction be denied, however, plaintiff may still be entitled to such legal damages as it may be able to prove *(Finn v Morgan Is. Estates, supra,* p 1106). "[W]here the granting of equitable relief appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy" *(Doyle v Allstate Ins. Co.,* 1 NY2d 439, 443; see, also, *Bandike Assoc. v B.B.M. Realty Corp.,* 44 AD2d 622), and where damages "would be the just and adequate remedy" the amount of monetary damages is properly left to the trier of fact to resolve (see *Medvin v Grauer,* 46 AD2d 912).

Accordingly, that portion of the order appealed from which grants the motion of McDonald's and Franchise for summary judgment should be reversed and the motion denied.

SIMONS, J. P., HANCOCK, JR., CALLAHAN and DENMAN, JJ., concur.

Order unanimously reversed, with costs, and motion denied.