■ ROSALIE ZUNNO, Appellant, v JAMES KIERNAN, as Executor of EDWARD B. KIERNAN, JR., Deceased, Respondent.—Harvey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Hillery, J.), entered June 16, 1989 in Dutchess County, which, inter alia, granted defendant's motion for summary judgment and declared that defendant had the right-of-way over a driveway on plaintiff's property, and (2) from the judgment entered thereon.

Plaintiff commenced this action for injunctive relief, damages and a judgment declaring that defendant[1] did not have an easement over plaintiff's property. Defendant counterclaimed for, among other things, a judgment declaring that the easement existed and sought both compensatory and punitive damages. This controversy stems from two deeds

---

1. Defendant died following commencement of this action and has been substituted as a party defendant by the executor of his estate. He will continue to be referred to as defendant throughout this decision.

executed and recorded in January 1955 by Albert Lake, Helen Lake, Russell Gobel and Christine Gobel, the predecessors in interest to the parties in this action. In these deeds, the Lakes and the Gobels conveyed to each other easements allowing each other the right to use a private road or driveway running across the two properties. Thereafter, at various times, the Lakes and Gobels conveyed their properties to other persons. Ultimately, plaintiff acquired the property originally belonging to the Lakes while defendant acquired the property originally belonging to the Gobels. Of significance to this lawsuit is the fact that, while the deeds in the chain of title from the Gobels to defendant all make reference to the January 1955 easement, the deeds and mortgage running from the Lakes to plaintiff do not. Apparently, because of plaintiff's alleged belief that no easement existed over her property, a dispute developed between plaintiff and her neighbors over the use of the driveway. A title search conducted at plaintiff's behest by an attorney apparently did not uncover the recorded easements.[2] The parties dispute whether the easements are shown on surveys of the properties.

Following joinder of issue, defendant moved for summary judgment declaring that the easement was valid. Defendant also requested that Supreme Court allow him to amend his answer a second time. The court granted this motion, judgment was entered and this appeal followed.

Supreme Court correctly concluded that defendant has an easement over plaintiff's property. It is beyond dispute that "a grantee of land takes title subject to duly recorded easements that have been granted by his predecessors in title" (49 NY Jur 2d, Easements and Licenses in Real Property, § 163, at 279-280). Even assuming that plaintiff had no actual notice of the easement, the public record served as constructive notice to plaintiff, the subsequent purchaser, regardless of whether the record was examined at all or examined negligently (see, 49 NY Jur 2d, Easements and Licenses in Real Property, § 163, at 280; see also, Stolts v Tuska, 76 App Div 137, 141). It makes no difference here that the easement was not referred to in plaintiff's deed. Once created, an easement cannot be unilaterally terminated by the grantee of the servient estate (see, Wood v Simon, 43 Misc 2d 500, 503; 49 NY Jur 2d, Easements and Licenses in Real Property, § 171, at 293). Plaintiff incorrectly states that there are questions of fact

2. Notably, the attorney who conducted this investigation did not guarantee or warrant the results to plaintiff.

concerning the validity of the easement over her property that require resolution at trial.

Finally, plaintiff contends that Supreme Court erred in allowing defendant to amend the answer a second time to include a counterclaim for punitive damages. Plaintiff correctly points out that "a demand for punitive damages does not amount to a separate cause of action" *(Catalogue Serv. v Insurance Co.,* 74 AD2d 837, 838; *see, Davis v Mutual of Omaha Ins. Co.,* 167 AD2d 714). Nevertheless, although Supreme Court does refer to defendant's counterclaim as one for "punitive damages", an examination of the counterclaim in the second amended answer reveals that no new counterclaim was added. Although new allegations were added, the substance of the counterclaim in the second amended answer is the same as the counterclaim in the first amended answer, i.e., they both state a claim to recover damages for plaintiff's obstruction of the easement by, among other things, erecting a fence between the two properties and allegedly harassing those who attempted to use the easement *(see, 487 Elmwood v Hassett,* 83 AD2d 409, 411-412; 49 NY Jur 2d, Easements and Licenses in Real Property, § 236, at 362-363). Since defendant alleges that plaintiff knew or had reason to know of the easement yet still chose to willfully and maliciously harass her neighbors, the claim has some indicia of a claim in trespass *(see,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 237, at 363-364). The only real amendment to the counterclaim in the second amended answer was to the damages clause, wherein defendant requested greater amounts in actual damages and also punitive damages. In light of the serious allegations that defendant makes against plaintiff in the counterclaim (which still have to be proved at trial), we cannot rule that Supreme Court abused its discretion in allowing the second amended answer to be served *(see,* 36 NY Jur 2d, Damages, § 176, at 298).

Order and judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.