Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 29, 2012, which, insofar as appealed from as limited by the briefs, (1) granted defendant landlord Stavia LLC’s (landlord) motion for partial summary judgment dismissing plaintiff tenant 721 Fruit & Y. Mkt., Inc.’s (tenant) breach of contract claim, and (2) denied tenant’s cross motion for partial summary judgment on its claims, unanimously affirmed, without costs.
Tenant entered into a lease agreement with landlord’s predecessor to rent the subject premises. Paragraph 46 (b) of the lease provided that the predecessor landlord had leased billboard advertising space on the exterior wall of the premises to a third party, and that such agreement was due to expire on August 14, 1994. That provision further provided: “Tenant agrees that the rent from such rental shall accrue to Owner and Owner agrees not to renew such lease without Tenant’s consent. Tenant and *482 Owner agree that if Tenant or any sub-Tenant shall rent any exterior space on the Demised Premises for advertisement to a third party, whether in the form of billboard or otherwise, Tenant or sub-Tenant, as the case my be, shall pay owner as additional rent one-half of such rental.”
The third-party advertising agreement was not renewed, but the predecessor landlord continued renting out the billboard space to other advertisers. In October 2008, six months before expiration of tenant’s lease, which landlord assumed in March 2007, tenant asserted that the billboard displays on the exterior wall of the premises was in violation of the lease and sought to recover the billboard rents to offset its remaining rents due under the lease. It commenced this breach of contract action alleging “diversion of the ‘Advertising Revenues.’ ”
As a preliminary matter, the court properly dismissed tenant’s claims for trespass, breach of the covenant of quiet enjoyment, partial eviction, and improper accounting of the security deposit, which were raised for the first time in tenant’s opposition/ cross motion for partial summary judgment (see Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]).
The court properly granted landlord’s motion for partial summary judgment dismissing tenant’s breach of contract claim, and thus properly denied tenant’s cross motion for partial summary judgment on the claim. Although the lease agreement does grant tenant the right to rent out the exterior billboard space to advertisers, the clear and unambiguous language of the agreement, including provisions requiring prior approval and consent from landlord before tenant may affix advertising on the exterior wall, demonstrates a contractual intent to reserve to landlord rights over the wall, including the billboard space (see Nichols v Nichols, 306 NY 490, 496 [1954]; ABS Partnership v AirTran Airways, 1 AD3d 24, 29 [1st Dept 2003]; Lent & Graff Co. v Satenstein, 210 App Div 251, 254 [1st Dept 1924]). Further, tenant is not entitled to any of the billboard rent revenue as paragraph 46 (b) of the lease provides for billboard rent sharing between tenant and landlord only where tenant rents the exterior space for advertising. Nothing in the agreement requires rent sharing where landlord leases out the space. Concur — Mazzarelli, J.R, Friedman, Renwick, DeGrasse and Gische, JJ.