18-3804-cv
*Solomon Baum Irrevocable Family Life Insurance Trust, et al. v. Wells Fargo Bank*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges*,
          EDWARD R. KORMAN,
                    *District Judge.*[*]

---

JOHN HANCOCK LIFE INSURANCE COMPANY OF
NEW YORK,

                    *Plaintiff*,                              18-3804-cv

          v.

SOLOMON BAUM IRREVOCABLE FAMILY LIFE INSURANCE
TRUST, CHESKI BAUM, in his personal capacity as Trustee
of the Solomon Baum Irrevocable Life Insurance Trust
and as Executor of the Estate of Solomon Baum,

                    *Defendants-Cross-Defendants-Appellants*,

          v.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

WELLS FARGO BANK, N.A.,

*Defendant-Cross-Claimant-Appellee,*

ABRAHAM HOSCHANDER,

*Defendant-Cross-Defendant.*

| | |
|---|---|
| **FOR DEFEDANTS-APPELLANTS:** | Robert R. Viducich, Law Office of Robert R. Viducich, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | Theodore J. Sawicki, Melissa J. Gworek, Alston & Bird LLP, Atlanta, GA. |

Appeal from a November 27, 2018 judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 27, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Cheski Baum ("Cheski") appeals from an award of summary judgment in favor of Defendant-Appellee Wells Fargo Bank, N.A. ("Wells Fargo"), and directing the disbursement of funds to Wells Fargo.

Cheski argues that the District Court erred in concluding that the equitable doctrines of ratification and laches entitled Wells Fargo to the interpleaded life insurance policy (the "Policy") proceeds, and in ignoring evidence of unclean hands and lack of due diligence. Specifically, Cheski challenges the District Court's determination that: (1) the former trustee of the Solomon Baum Irrevocable Family Life Insurance Trust (the "Trust") ratified the Trust's purported sale of the Policy, which sale was based on allegedly forged signatures; and (2) laches prevented the Trust and Cheski, its sole beneficiary, from challenging the validity of Policy's sale.

We review a district court's grant of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party, and will affirm only if there are no genuine disputes of material fact such that the moving party is entitled to judgment as a matter of law. *See Mudge v. Zugalla*, 939 F.3d 72, 79 (2d Cir. 2019).

## I.    Ratification

The District Court correctly determined that the Trust impliedly ratified the sale of the Policy by failing to repudiate the Life Settlement Agreement (the "LSA") and accepting its benefits. Under the New York law of equity, ratification is a "waiver of existing rights." *In re Levy*, 69 A.D.3d

630, 632 (2d Dep't 2010). Ratification may be implied where a "beneficiary's subsequent conduct supports the . . . reasonable conclusion that he, by his assert thereto or acquiescence therein, has accepted and adopted the fiduciary's actions." *Id.* (internal citation and quotation marks omitted); *see also Pollitz v. Wabash R.R. Co.*, 207 N.Y. 113, 129 (N.Y. 1912) ("[R]atification is implied through… acquiescence instead of expressed by positive and distinct action or language."). We agree with Wells Fargo that the undisputed material facts admit no dispute that the conduct of Abraham Hoschander ("Hoschander"), who was the trustee of the Trust during the relevant time period, impliedly ratified the LSA. Hoschander admitted on the record that he understood the Policy to be "all done" when he no longer received correspondence regarding the Policy following the Policy's sale in 2010; moreover, he neither paid any policy premiums after 2010, nor inquired as to who was paying those premiums. Special App'x 9, 14; Supp. App'x 626. Further, the Trust impliedly ratified the LSA by accepting and enjoying its benefits; specifically, the financing agreement with H.M. Ruby permitted the Trust to maintain the Policy's protection for two years without having to pay a premium. Special App'x 15. We reject Cheski's argument that either he or Hoschander required "actual knowledge" of particular benefits for implied ratification, even assuming his dubious contention that both were in fact unaware of the benefits the Trust was receiving by virtue of the LSA or the financing agreement. The undisputed fact that neither man paid any policy premium after the LSA, coupled with Hoschander's admission, compels a finding of ratification. Accordingly, we conclude that the Trust impliedly ratified the sale of the Policy through its conduct.

## II. Laches

We also agree with the District Court that Cheski's claim is barred by the equitable defense of laches. Under New York law, "laches is defined as such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity[] … [and] [t]he essential element of this equitable defense is delay prejudicial to the opposing party." *Matter of Schulz v. State of New York*, 81 N.Y.2d 336, 348 (N.Y. 1993) (internal citation and quotation marks omitted). Even assuming for the sake of argument that Cheski waited only one year to file his claim, such a delay is sufficient to constitute laches where Cheski's lateness caused Wells Fargo substantial prejudice due to the significant costs it incurred in administrating the Policy. *See id.* (noting that "[b]ecause the effect of delay on the adverse party may be crucial, delays of even under a year have been held sufficient to establish laches"); *Bailey v. Chernoff*, 45 A.D.3d 1113, 1115 (3d Dep't 2007) (delaying six months before filing suit constituted a laches bar); *Finn v. Morgan Island Estates*, 283 A.D. 1105, 1106 (2d Dep't 1954) (a five-month delay sufficient for the purposes of laches). The record before us simply does not support Cheski's bare assertion that "Wells Fargo was not actually prejudiced" or that "any harm suffered was self-inflicted." Appellant's Br. at 25.

Because ratification and laches bar Cheski's claims, we need not address the parties' remaining arguments regarding unclean hands or equitable estoppel.

3

## CONCLUSION

We have reviewed all of the arguments raised by Cheski on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 27, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk