Price v TuneCore, Inc. (2020 NY Slip Op 02284)





Price v TuneCore, Inc.


2020 NY Slip Op 02284


Decided on April 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


653194/13 11394A 11394

[*1]Jeffrey T. Price, Plaintiff-Appellant,
v
TuneCore, Inc., Defendant-Respondent.


John Carlson, Merrick, for appellant.
O'Melveny & Myers LLP, New York (Daniel J. Franklin of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert R. Reed J.), entered January 14, 2019, which, to the extent appealed from as limited by the briefs, granted judgment in favor of defendant TuneCore, Inc. and denied plaintiff's summary judgment motion, unanimously affirmed, with costs. Appeal from order (same court and Justice), entered March 30, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff Jeffrey T. Price is the former CEO of defendant TuneCore. With respect to plaintiff's claim that he did not receive his full base salary under the employment agreement with TuneCore, it is undisputed that he did not plead this cause of action and did not attempt to amend the complaint. It is well settled that a court should not consider the merits of a new theory of recovery, raised for the first time in opposition to a motion for summary judgment, that was not pleaded in the complaint (721 Fruit & V. Mkt., Inc. v Stavia LLC, 114 AD3d 481, 482 [1st Dept 2014], lv denied 24 NY3d 912 [2014]).
The IAS court also properly found that there was no disputed issue of fact regarding plaintiff's second cause of action to be the highest paid employee. The employment agreement did not give plaintiff the unfettered right to be the highest paid employee, this was only the case unless he "otherwise agreed". As CEO, plaintiff was responsible for hiring other employees, and he actively encouraged the Board to hire employees at salaries that he knew were higher than his own. By his admitted inaction, knowing these facts, plaintiff waived his right to insist that he be the highest-paid employee (Jumax Assoc. v 350 Cabrini Owners Corp., 46 AD3d 407, 408 [1st Dept 2007]).
Plaintiff's seventh cause of action seeking compensation for accrued vacation time was also properly dismissed. Plaintiff does not contest that TuneCore remitted payment to him for the unused vacation days that had accrued during the year of his termination in 2012. Plaintiff's assertion that the check for the vacation time was sent to his late attorney's office after he had died, and that he never received it, is contrary to his deposition testimony, and was properly rejected (Tse Chin Cheung v G & M Hardware & Elec., 249 AD2d 28, 29 [1st Dept 1998]). The IAS court also properly dismissed the remainder of plaintiff's claim for unused vacation time, as the evidence reflects that TuneCore's vacation policy did not permit employees to carry over vacation days from one year to the next. While plaintiff submits affidavits in an effort to show that there was a special vacation policy applicable to TuneCore's founders, the assertions in those affidavits are belied by the fact that when one of the founders was terminated, plaintiff sent him a [*2]letter informing him that he would receive payment for the unused vacation days from that year only.
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2020
CLERK